WATSON, Justice.
Defendant, Willie E. Phillips, and three confederates were charged with the simple burglary of an inhabited dwelling. LSA-R.S. art. 14:62.2. As the result of a plea bargain agreement, Phillips pleaded guilty to attempted simple burglary of an inhabited dwelling, LSA-R.S. arts. 14:27, 14:62, which has a maximum penalty of six years. After a hearing, defendant was sentenced to three years at hard labor. He has appealed, assigning four errors in the trial court relative to his sentence.
ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that the trial court erred in relying on unsubstantiated allegations in the pre-sentence investigation report of prior burglary activity on his part. The report states that “extensive investigation” revealed many burglaries in the Jefferson Parish area by defendant and his accomplices.
*1156 After the court read from the pre-sen-tence report, at the hearing, defense counsel argued that:
“It was my understanding, Your Honor, ... that . .. this is Mr. Phillips’ only involvement in any burglary. As to whether these other co-defendants have been involved in a series. — .” (Hearing Tr., p. 4)
In a per curiam, the trial court stated: “The presentence investigation contains no information which has been substantially rebutted by defense counsel and found by this Court to be false or misleading.” (Tr. 34)
Defendant’s record shows only two burglary charges on March 23, 1979, this count and a second count, which was refused by the District Attorney’s office shortly after it was brought and long before the plea bargain agreement.
The pre-sentence report is dated January 15,1980, and the sentencing hearing was on January 18, 1980. Although defense counsel apparently saw the pre-sentence report at or before the hearing, he alleges in brief that defendant did not have an adequate opportunity to explain the statement about prior burglaries.
It would have been impossible for defendant to contest the allegation that he had been involved in a series of burglaries without further explanation of the source of the statement. The information in the pre-sen-tence report obviously influenced the court as shown by the following:
“... this Court cannot condone the type of burglaries that’s been going on in this Parish, and I think Mr. Phillips is an example — .” (Hearing Tr., p. 5)
Compare State v. Underwood, 353 So.2d 1013 (La., 1977), and State v. Trahan, 367 So.2d 752 (La., 1978).
Defendant should have an opportunity to rebut the highly prejudicial allegation in the pre-sentence report that he had been involved in a succession of burglaries. State v. Segers, 357 So.2d 1 (La., 1978); State v. Owens, 377 So.2d 316 (La., 1979).
ASSIGNMENT OP ERROR NUMBER TWO
Defendant contends, correctly, that the trial court did not fully articulate its reasons for the sentence, as required by LSA-C.Cr.P. art. 894.1.
Assignments of error one and two are meritorious. Assignment of error number three, which contends that the sentence is excessive on its face, is without merit. Assignment of error number four, which contends that the pre-sentence report could not include information gathered from interviews with defendant, is also without merit. LSA-C.Cr.P. art. 875.
In view of the lack of precision in the pre-sentence report’s reference to “extensive investigation” and the failure of the trial court to fully articulate the reasons for the sentence, the matter is remanded for a new sentencing hearing and resentencing.
For the reasons assigned, defendant’s sentence is vacated and the matter is remanded to the Twenty-Fourth Judicial District Court for a new hearing and resen-tencing.
SENTENCE VACATED: REMANDED FOR RESENTENCING.