412 So.2d 1036 (1982)
STATE of Louisiana
v.
Willie E. PHILLIPS.
No. 81-KA-2230.
Supreme Court of Louisiana.
April 5, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, W. C. Douglas Friederichsen, Asst. Dist. Attys., for plaintiff-appellee.
Ronald P. Herman, Metairie, for defendant-appellant.
WALTER I. LANIER, Jr., Associate Justice Pro Tem.[*]
By a bill of information filed on April 4, 1979, the defendant, Willie E. Phillips, and three others, were jointly charged with *1037 committing simple burglary of an inhabited dwelling on February 16, 1979, in violation of La.R.S. 14:62.2. On May 4, 1979, the defendant plead not guilty. On December 3, 1979, pursuant to a plea bargain with the State, the defendant plead guilty to an amended charge of attempted simple burglary in violation of La.R.S. 14:27 & 62. The trial judge ordered a pre-sentence investigation, and on January 18, 1980, the defendant was sentenced to be committed to the Louisiana Department of Corrections at hard labor for a term of three years. The defendant appealed the sentence to this court contesting the accuracy of the pre-sentence investigation, alleging that the trial court did not fully comply with Article 894.1 of the Code of Criminal Procedure and that the sentence imposed was excessive. On December 15, 1980, this court vacated the original sentence and remanded to the trial court for a new sentencing hearing and re-sentencing on the grounds that "[D]efendant should have an opportunity to rebut the highly prejudicial allegation in the pre-sentence report that he had been involved in a succession of burglaries...." and for "failure of the trial court to fully articulate the reasons for the sentence,...". State v. Phillips, 391 So.2d 1155 (La. 1980). On January 21, 1981, the trial court ordered a supplemental pre-sentence investigation returnable March 6, 1981.[1] On April 10, 1981, a sentencing hearing was held and the trial court re-sentenced the defendant to serve eighteen months in the Jefferson Parish Prison. The defendant has again appealed his sentence assigning four errors.

ASSIGNMENTS OF ERROR NOS. 1, 2, 3 & 4
The defendant contends that the District Court erred when it relied on the original and supplemental pre-sentence reports which did not include information concerning the particular role played by the defendant in the commission of the crime and did not refer to the defendant's cooperation with the police and prosecution in the resolution of the case. The defendant contends that these omissions are in violation of Article 875 of the Code of Criminal Procedure which requires the investigating officer to "inquire into the circumstances attending the commission of the offense,...".
On March 16, 1981, the defense counsel wrote a letter to the investigating officer requesting that she interview Gerald Byers, a Jefferson Parish policeman, who would furnish information concerning the help given by the defendant to the police and the State, and interview a co-defendant, William Bode, who was given a suspended sentence and placed on probation, concerning the defendant's degree of participation in the commission of the crime.
Counsel for the defendant did not subpoena William Bode or Gerald Byers for the second sentencing hearing. Counsel for the defendant indicated that he had spoken to counsel for Bode and was advised that Bode would not go to court to testify at a sentencing hearing or for any other reason. Counsel for the defendant indicated in his brief that the reason he did not subpoena Bode was because he "could not rely on his truthfulness in the courtroom." As an alternative, he requested that the investigating officer interview Bode concerning Phillips' participation in the crime for inclusion in the second pre-sentence report. Counsel for Phillips indicated that he did not subpoena Byers because he felt that the information that Byers possessed would be included in the pre-sentence report.
The information concerning the degree of participation of the defendant in the crime and his cooperation with the State and the police was brought to the trial court's attention by way of a copy of the March 16, 1981, letter which was filed into evidence and by oral argument of counsel at the resentencing hearing. The defendant had the opportunity to subpoena Byers and Bode and chose not to do so. The defendant was interviewed for the original presentence report and given an opportunity to *1038 provide mitigating facts and/or information but did not.[2] The defendant was re-interviewed on February 5, 1981, concerning the circumstances surrounding his arrest but provided no additional information. The defendant elected not to take the witness stand to provide the information in question at the re-sentencing hearing.
The defendant next contends that the trial court erred "in placing undue emphasis on an allegedly incomplete community work probation requirement." A review of the transcript of the re-sentencing proceeding shows that the trial judge quoted from the second pre-sentence investigation and indicated that the defendant only completed from 96 to 160 hours of the 200 hours of public work required by his prior probation but that otherwise his probationary period was considered satisfactory. Counsel for the defendant did not request a continuance or recess to subpoena the probation officer or the person who supervised the community service to explain this statement, nor did counsel contest the accuracy of this statement. Counsel for the defendant was given an opportunity to argue what weight should be attached to this information. While the record reflects that this was a factor considered by the trial judge, it does not reflect what weight he gave it.
The defendant claims that the trial court erred by failing to comply with the sentencing guidelines of Article 894.1 of the Code of Criminal Procedure and that the sentence imposed is excessive. The defendant asserts through counsel that he did not enter the home of the victim and only furnished transportation to those who did and that through his cooperation with the police this case was solved and his co-defendants convicted. Defendant further asserts that he is married with one child and one expected, that he has been regularly employed for over one year and entered into an asbestos worker apprentice program at the time of re-sentencing. The defendant argues that had the trial judge properly considered these factors, his sentence to confinement would have been suspended and that he would be given probation.
A majority of this court has held that Article 1, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition by law of excessive punishment, and that although a sentence imposed may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and be subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). A trial judge's reasons for sentence, as required by Article 894.1, are an important aid when reviewing a sentence for excessiveness. However, the trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Prados, 404 So.2d 925 (La.1981); State v. Douglas, 389 So.2d 1263 (La.1980); State v. Spencer, 374 So.2d 1195 (La.1979).
The record reflects that on re-sentencing the trial court again did not adequately consider the 894.1 guidelines in particularizing the sentence of the defendant.[3]State v. Vaughn, 378 So.2d 905 (La.1979); State v. Franks, 373 So.2d 1307 (La.1979). However, where the sentence imposed is not "apparently severe" this court will not remand for compliance with Article 894.1. State v. Bowick, 403 So.2d 673 (La.1981); State v. Day, 391 So.2d 1147 (La.1980); State v. Jones, 381 So.2d 416 (La.1980).
The original pre-sentence investigation indicates that on February 16, 1979, an inhabited dwelling in Harahan, Louisiana, was burglarized. An automobile, a color television, a stereo, and five firearms were taken from the premises. All of the items taken were subsequently recovered by the Jefferson Parish Sheriff's Office and were returned to their owner, except one firearm. The color television and stereo were found broken but the owner's insurance company paid for the damages.
*1039 The defendant was originally charged with burglary of an inhabited dwelling pursuant to La.R.S. 14:62.2 which has a mandatory penitentiary sentence providing that the defendant "shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years." By plea bargain with the State, the original charge was amended to attempted simple burglary in violation of La.R.S. 14:27 and 62, which carries a maximum sentence of confinement with or without hard labor for a term not to exceed six years, and is subject to parole, probation and suspension of sentence.[4] The fact that the legislature has singled out simple burglary of an inhabited dwelling for specific legislative action providing for an enhanced sentence greater than other types of simple burglary represents a legislative determination relative to the "seriousness of the crime" and should be considered in reviewing the excessiveness of the sentence imposed in this case. State v. Wright, 384 So.2d 399 (La.1980).
A second relevant factor is that the instant offense was committed while the defendant was still on active probation. A review of the original pre-sentence investigation shows that on August 31, 1978, after pleading guilty to a charge of unauthorized use of a movable (misdemeanor), the defendant was sentenced to serve ninety days in the Jefferson Parish Prison, which sentence was suspended and he was placed on active probation for a period of six months which terminated on February 29, 1979.[5] The crime occurred on February 16, 1979. In his per curiam filed after original sentencing, the trial judge emphasized that "the defendant had already received the benefits of probation/suspension of sentence on an earlier charge and was in fact on probation at the time of the commission of the crime charged (although not revoked)"... and that "he did not profit from the experience."[6] Obviously, the defendant did not respond affirmatively to probationary treatment.
In addition, during this simple burglary of an inhabited dwelling, five firearms were taken and one was not returned.
After balancing the aggravating factors with the mitigating factors of record, it cannot be said that the sentence is excessive since it falls into the lower range of what could have been imposed and is not "apparently severe". At the re-sentencing the trial judge reduced the sentence from three years in the penitentiary to eighteen months in the Parish Prison. Clearly he must have considered mitigating factors brought to his attention. It would serve no useful purpose to remand this matter again for re-sentencing for failure to comply with Article 894.1 or for any other reason.
Assignments of Error Numbers 1, 2, 3 and 4 are without merit.

DECREE
For the reasons assigned, the defendant's sentence is affirmed.
AFFIRMED.
NOTES
[*] Judge Walter I. Lanier, Jr. of the Court of Appeal, First Circuit and Judges Fred S. Bowes and Nestor L. Currault, Jr. of the Twenty-Fourth Judicial District Court participated in this decision as Associate Justices pro tempore, joined by Associate Justices Calogero, Dennis, Blanche and Lemmon.
[1] The second pre-sentence report omits any reference to "a succession of burglaries." There is no allegation that this information affected the trial court at the re-sentencing.
[2] Page 17, Transcript in Docket Number 80-KA 1208. The report is dated January 17, 1980.
[3] See pp 31 through 38 of transcript.
[4] Apparently, the State was impressed by the cooperation given by the defendant.
[5] The original pre-sentence investigation in the record of Docket Number 80-KA-1208 shows that the defendant was not arrested for this charge until March 23, 1979.
[6] See page 34 of the Transcript in Docket Number 80-KA-1208.