719 So.2d 1035 (1998)
STATE of Louisiana
v.
Guadalupe SALINAS.
No. 97-K-2930.
Supreme Court of Louisiana.
September 25, 1998.
Richard P. Ieyoub, Attorney General, Robert "Rick" Bryant, District Attorney, Robert C. McCorquodale, Lake Charles, Michael Stratton, for applicant.
Phyllis E. Mann, Alexandria, for respondent.
PER CURIAM.[*]
We granted the state's application for review because it appeared that the court of appeal misapplied this Court's jurisprudential rule that a trial court may not use its assessment of the defendant's credibility as the sole basis for imposing an apparently severe sentence. State v. Soco, 441 So.2d 719, 721 (La.1983); State v. Quebedeaux, 424 So.2d 1009, 1014 (La.1982); State v. Smith, 407 So.2d 652, 657 (La.1981). The Third Circuit vacated the defendant's sentence of 25 years imprisonment at hard labor following his guilty plea to possession of marijuana with intent to distribute in violation of La. R.S. 40:966(A)(1) on grounds that the large discrepancy between the penalty imposed and a joint recommendation by the defense and state of nine years at hard labor suggested "that the trial judge heavily relied upon the defendant's untruthfulness [during the plea colloquy] in imposing a sentence." State v. Salinas, 97-0716, p. 11 (La.App. 3d Cir. 10/29/97), 703 So.2d 671, 677. The court of appeal remanded for resentencing "without regard to the defendant's alleged perjury." Id. Our prior decisions do not, however, preclude a trial court from taking into account the defendant's honesty under oath as a measure, "in light of all other knowledge gained about the defendant ... [of] his prospects for rehabilitation and restoration to a useful place in society." United States v. Grayson, 438 U.S. 41, 55, 98 S.Ct. 2610, 2618, 57 L.Ed.2d 582 (1978) (emphasis added). Under the circumstances of this case, we find no error by the trial court in considering, among other aggravating factors, the defendant's lack of candor regarding his prior conviction in Texas for a similar offense. We therefore reverse the judgment below and reinstate the defendant's sentence.
A routine traffic stop in September of 1996 led to the defendant's arrest for possession of *1036 approximately 60 pounds of marijuana. In connection with his guilty plea, and after the court placed him under oath, the defendant stated that he had no prior record. However, a presentence investigation ordered by the court uncovered several prior convictions, including one in 1995 in Texas for possession of marijuana in an amount between four ounces and five pounds, a felony offense in that state. Tex. Health & Safety Code Ann., § 481.121(b)(3). The defendant was still on probation for that offense when he was stopped and arrested for transporting marijuana in this state.
On the basis of the information disclosed in the presentence report, the trial court at sentencing ordered the defendant arrested for perjury, rejected the recommended term of nine years, and imposed a penalty of 25 years imprisonment at hard labor. In addition to the defendant's deception regarding his prior record, the court relied on the defendant's second felony offender status, his commission of the present offense while still on probation for a similar offense in Texas, and the relatively large amount of marijuana involved in this case. At the hearing on defendant's motion to reconsider sentence, the trial judge explained to counsel that if the defendant had "lied to me about his place of birth or where he grew up or if he had lied to me about how much marijuana there was, that would be one thing." "It's not just the lie," the court emphasized, "it's the fact that his entire status changed .... from a first offender with 62 pounds of marijuana to someone who misled the Court about his prior record, who was a second felony offender currently on probation at the time he was transporting 62 pounds of marijuana through our state." Defense counsel took responsibility for some of the confusion surrounding the defendant's prior record but conceded that the defendant told the court that "he didn't have any priors, there's no getting around that."
As the trial judge's comments underscored in this case, "[i]t is difficult to conceive of a more material falsehood than a defendant lying ... [about] the extent of his criminal record during a pre-sentence investigation." United States v. Delgado, 936 F.2d 303, 306 (7th Cir.1991); see U.S.S.G. § 3C1.1 and comment., n. 3(f) (Nov. 1992) (two-level increase of the base offense level for willfully obstructing or impeding the investigation, prosecution, or sentencing of the offense applies when the defendant provides "materially false information to a judge or magistrate."); United States v. Harrison, 42 F.3d 427, 430-31 (7th Cir.1994) (defendant's false statement to federal magistrate that he was not on parole at the time he committed the charged offense justified two-level increase). In measuring a defendant's prospects for rehabilitation, a trial judge may properly consider that the defendant committed the present offense while on probation for a similar crime. State v. Phillips, 412 So.2d 1036, 1039 (La.1982); State v. Clay, 408 So.2d 1295, 1300 (La.1982). The trial court therefore correctly distinguished the defendant's attempt to manipulate the factual basis of sentencing by misleading it with regard to his offender status and failed probationary term for a similar crime from other kinds of falsehoods with less immediate impact on the sentencing determination. It clearly appears from the record in this case and from the reasons articulated during the hearing on defendant's motion to reconsider that the trial court based its sentencing determination on more than its subjective assessment of the defendant's credibility and that it relied upon objective sentencing criteria disclosed when the defendant's falsehood was corrected as the basis for rejecting the recommended term and imposing a much greater penalty.
We therefore find no arbitrary misuse of the trial judge's discretion in taking into account the defendant's falsehood designed to impact its sentencing decision. We also find no abuse of the trial court's broad sentencing discretion in imposing a penalty of 25 years imprisonment at hard labor based on its assessment of the defendant's prospects for rehabilitation as revealed by his prior record, continuing drug activity, and attempts to mislead the court with spurious information about both. Accordingly, the defendant's term of 25 years imprisonment at hard labor is reinstated, and this case is remanded to the trial court for execution of that sentence.
*1037 SENTENCE REINSTATED; CASE REMANDED.
NOTES
[*] Knoll, J., not on panel. See Rule IV, Part II, Sec. 3.