957 So.2d 226 (2007)
STATE of Louisiana
v.
Joseph N. CHISLEY, Jr.
No. 06-KA-900.
Court of Appeal of Louisiana, Fifth Circuit.
April 24, 2007.
Rehearing Denied May 25, 2007.
*227 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea F. Long, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
This case comes to us on a second appeal. In his first appeal, defendant, Joseph N. Chisley, Jr., challenged his conviction for possession of 28 grams or more but less than 200 grams of cocaine. La. R.S. 40:967 F(1)(a). This Court affirmed defendant's conviction and vacated his 20-year habitual offender sentence as illegally lenient, remanded the case to the district court for re-sentencing, and reserved to defendant the right to withdraw his previous stipulation as a second felony offender. State v. Chisley, 03-426 (La.App. 5 Cir. 10/15/03), 860 So.2d 45, writ denied, 03-3358 (La.4/2/04), 869 So.2d 874.
On remand, the defendant withdrew his prior admission to the habitual offender bill of information. The State then alleged the defendant to be a third felony offender. The trial court held a habitual offender hearing, and scheduled the defendant's sentencing as a third felony offender for March 9, 2006. On that day, the State offered a stipulation that the defendant was a second felony offender, and the defense *228 accepted the stipulation.[1] The trial court vacated the defendant's original sentence and imposed an enhanced sentence of 30 years at hard labor without benefit of probation or suspension of sentence for the entire term, and without benefit of parole for the first 10 years.
For the following reasons, we affirm.
In his first assigned error, the defendant argues the evidence at trial was insufficient to support his conviction. This issue is not properly before us because, as the defendant concedes, he raised it on his first appeal. At that time, this Court addressed the defendant's argument and found the evidence was sufficient to prove, beyond a reasonable doubt, that the defendant possessed between 28 grams or more but less than 200 grams of cocaine. The defendant's conviction was affirmed, and the judgment became final. See, La. C.Cr.P. art. 922. This assignment of error has no merit.
By his second assignment of error, defendant complains his 30-year habitual offender sentencethe mandatory minimum for the defendant's offense under the Habitual Offender Lawis excessive given the nature of the underlying offense, his age, and his criminal history. He also asks this Court to consider that his conviction was obtained upon only the barest proof. The defendant filed both counseled and pro se motions to reconsider the sentence below, arguing only that his sentence is constitutionally excessive. He did not state specific grounds to support either motion. The failure to file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a review of the sentence for constitutional excessiveness. La. C.Cr.P. art. 881.1; State v. Clark, 05-61 (La.App. 5 Cir. 6/28/05), 909 So.2d 1007, 1017, writ denied, 05-2119 (La.3/17/06), 925 So.2d 538.
Mandatory minimum sentences under the Habitual Offender Law are presumed constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 675; State v. Mims, 00-1507, p. 6 (La.App. 5th Cir.12/26/01), 806 So.2d 760, 765, writ denied, 02-0466 (La.2/7/03), 836 So.2d 88. But if the trial judge finds that an enhanced punishment mandated by La. R.S. 15:529.1 makes no "`measurable contribution to acceptable goals of punishment' or that the sentence amounted to nothing more than `the purposeful imposition of pain and suffering' and is `grossly out of proportion to the severity of the crime,'" the trial judge has the option and the duty to reduce the sentence to one that would not be constitutionally excessive. State v. Dorthey, 623 So.2d 1276, 1280 (La.1993). See also, State v. Johnson, 03-620 (La. App. 5th Cir.10/28/03), 860 So.2d 180, 189-190, writ denied, 03-3171 (La.3/19/04), 869 So.2d 849 (quoting Dorthey).
Downward departures from a mandatory minimum sentence should occur only in rare circumstances. Johnson, 709 So.2d at 676. A court may only depart from the mandatory minimum sentence if it finds there is clear and convincing evidence to rebut the presumption of constitutionality. Id. The burden is on the defendant to rebut the presumption of constitutionality by showing
[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability *229 of the offender, the gravity of the offense, and the circumstances of the case. (citation omitted).
Id.
In this case, the defendant made no attempt at a Dorthey argument below. Therefore, this issue is not before us. This assignment of error has no merit.
In his third assignment, the defendant requests an errors patent review. We note that this Court routinely reviews the record for errors patent regardless of whether the defendant explicitly requests it. La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The defendant received an errors patent review on his original appeal. State v. Chisley, 860 So.2d at 46. He is now limited to a review of the trial court's proceedings on remand. See, State v. Gassenberger, 02-658 (La.App. 5 Cir. 12/11/02), 836 So.2d 271, 274. We find two errors on re-sentencing that require corrective action.
The commitment reflects defendant was "found GUILTY under La. R.S. 15:529.1 on count 1) 40:967F . . . POSS/WITD CDS OVER 28 GRAMS." This notation is inaccurate, since defendant's underlying offense was possession of 28 grams or more but less than 200 grams of cocaine, and he admitted to the allegations in the habitual offender bill. Generally, where there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). The district court is directed to make an entry in the minutes reflecting the proper grade of offense, and the fact that defendant admitted to being a second felony offender. The clerk of court is directed to transmit the original of the minute entry to the officer in charge of the institution to which defendant has been committed. See, State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).
The commitment erroneously indicates the defendant was properly advised of the prescriptive period for applying for post-conviction relief at the time of the habitual offender re-sentencing, when the transcript shows the trial court's advisal was incomplete. La. C.Cr.P. art. 930.8 A provides that a defendant has two years "after the judgment of conviction and sentence has become final" in which to file an application for post-conviction relief. But the trial court advised the defendant he had "two years from the date of your sentencing" in which to apply for postconviction relief.
Accordingly, it is ordered that the defendant's habitual offender finding and sentence are affirmed. We further order that this case be remanded to allow the trial court to amend the commitment as directed above. Finally, we order that the trial court send the defendant written notice of the prescriptive period for post-conviction relief applications within 10 days of this judgment, and that evidence of said notice be filed in the record.
HABITUAL OFFENDER FINDING AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] The record shows that the parties stipulated only as to defendant's second offender status, and not as to the sentence he would receive.