996 So.2d 302 (2008)
STATE of Louisiana
v.
Brian S. YOUNG.
No. 08-KA-387.
Court of Appeal of Louisiana, Fifth Circuit.
September 16, 2008.
*303 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Anne Wallis, Vincent Paciera, Jr., Assistant District Attorneys Twenty-Fourth Judicial District Parish of Jefferson, Gretna, LA, for Plaintiff/Appellee.
Margaret S. Sollars, Louisiana Appellate Project, Thibodaux, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., WALTER J. ROTHSCHILD, and MADELINE JASMINE.
MADELINE JASMINE, Judge Pro Tempore.
The defendant has appealed his adjudication and sentence as a multiple offender. For the reasons that follow, we affirm the sentence.

FACTS:
The defendant, Brian S. Young, was found guilty of attempted possession of cocaine and sentenced to two and one-half years at hard labor. Following a habitual offender hearing, the trial court found defendant to be a fourth felony offender and imposed an enhanced sentence of 25 years. On defendant's first appeal, this Court recognized as patent errors that the trial *304 court had failed to vacate defendant's original sentence before imposing the habitual offender sentence,[1] and that the trial court had failed to properly advise defendant of the two-year prescriptive period for seeking post-conviction relief under LSA-C.Cr.P. art. 930.8. This Court affirmed and remanded for habitual offender re-sentencing and proper notification of the prescriptive period for post-conviction relief under LSA-C.Cr.P. art. 930.8. State v. Young, 05-702 (La.App. 5 Cir. 2/14/06), 938 So.2d 90.
On remand, defendant filed a pro se Motion to Quash the habitual offender bill, arguing that he had completed his original sentence of two and one-half years, and he could not now be sentenced as a habitual offender. The trial court heard arguments on defendant's pro se Motion to Quash and denied it. On the same day, the trial court vacated defendant's original sentence and imposed a habitual offender sentence of 25 years at hard labor, without benefit of probation or suspension of sentence. The judge also properly advised defendant of the time limits for applying for post-conviction relief.
Pursuant to an Application for Post-Conviction Relief, defendant was granted an out-of-time appeal.

LAW AND DISCUSSION:
On appeal, the defendant claims the trial court erred by not declaring that the State waited too long before prosecuting him as a multiple offender. Defendant argues that both his habitual offender hearing and his re-sentencing on remand were untimely, since they both occurred after he had already completed his original sentence of two and one-half years. Consequently, defendant argues, the trial court erred in denying his Motion to Quash the habitual offender Bill of Information, and in re-sentencing him to 25 years as a habitual offender.
The record from defendant's first appeal, which is included as an exhibit in the instant record, shows defendant's original sentence was imposed on May 26, 2004. The State filed the habitual offender Bill of Information on July 19, 2004. Defendant was advised of the State's allegations that day, and entered a denial. The trial court held a habitual offender hearing on March 23, 2005, and found defendant to be a fourth felony offender. On April 25, 2005, the trial court imposed a habitual offender sentence, but neither the transcript nor the habitual offender commitment showed that the trial court vacated defendant's original sentence. See State v. Young, 05-702 at 13, 938 So.2d at 99. For that specific reason, this Court remanded this case for re-sentencing.
Defendant did not file a Motion to Quash the habitual offender Bill of Information prior to his habitual offender hearing. Nor did he raise any issues concerning his habitual offender adjudication or sentence in his first appeal. For these reasons, the issues defendant now raises are not properly before this Court. In the first appeal, this Court affirmed defendant's underlying *305 conviction and tacitly affirmed defendant's habitual offender adjudication and the matter was remanded for re-sentencing on the habitual offender adjudication. The only action the trial court had the authority to take on remand was to re-sentence defendant as a habitual offender, and defendant assigns no error regarding the re-sentencing.
In State v. Triche, 03-910 (La.App. 5 Cir. 12/30/03), 864 So.2d 832, the defendant was convicted of possession with intent to distribute marijuana, and after a habitual offender hearing, the trial court found the defendant to be a second felony offender, and imposed an enhanced sentence. The defendant appealed, but did not challenge his habitual offender adjudication or sentence. This Court affirmed the defendant's conviction, but on error patent review, it vacated the defendant's habitual offender sentence as illegal and remanded for re-sentencing. After the trial court re-sentenced the defendant he filed a second appeal, claiming the trial court had erred in finding he was a habitual offender. This Court found the defendant was not entitled to review of his habitual offender proceeding on his second appeal because he had failed to challenge the trial court's habitual offender finding in his first appeal. This Court reasoned, "In our previous opinion, this Court affirmed the trial court's habitual offender finding, vacated the original sentence, and remanded solely for re-sentencing. Defendant is, therefore, only entitled to raise issues pertaining to that re-sentencing. Accordingly, we will not consider defendant's first assignment of error." State v. Triche, 03-910 at 3, 864 So.2d at 834. Thus, we decline to consider the argument raised by defendant on appeal.
Furthermore, defendant is not entitled to be released as he argues. LSA-R.S. 15:529.1 does not establish a time limit for habitual offender proceedings, and the jurisprudence holds that a multiple offender bill must be filed within a reasonable time after the State learns the defendant has prior felony convictions. State v. Muhammad, 03-2991 (La.5/25/04), 875 So.2d 45. In the instant case, the State filed the habitual offender bill just over two months after the original sentencing and defendant was advised of the allegations in the bill at that time.
Speedy trial concerns also require that a habitual offender hearing be completed in a timely manner. State v. Muhammad, supra. The Muhammad court stated, "Abusive or vindictive delay should not be tolerated. The longer the State delays filing and is responsible for postponing completion of the habitual offender proceeding, the more likely it is that the delay will be charged against the State." Id., 03-2991 at 15, 875 So.2d at 55. A determination of whether a habitual offender adjudication was timely despite the fact that the defendant had already completed the underlying sentence requires an evaluation of the circumstances surrounding the proceedings on a case-by-case basis. Muhammad, 03-2991 at 15, 875 So.2d at 55.
Our review of the record indicates there is no evidence that the delay in this case between defendant's original sentencing and his habitual offender adjudication was due to abusive or vindictive behavior on the part of the State. Defendant's habitual offender hearing was held about ten months after the original sentence was imposed, eight months after the habitual offender bill was filed, and before defendant completed his original two and one-half year sentence. It is noteworthy that the trial court continued the habitual offender hearing four times; each time on defendant's motion. There is no evidence *306 in the record that the State contributed to the delay.

ERROR PATENT REVIEW:
Defendant received an error patent review on his original appeal, in accordance with LSA-C.Cr.P. art. 920. He is now limited to an error patent review of the trial court's proceedings on remand. State v. Chisley, 06-900 (La.App. 5 Cir. 4/24/07), 957 So.2d 226. This review reveals one patent error that requires corrective action.
The transcript of defendant's habitual offender re-sentencing shows the trial court imposed the 25-year sentence without benefit of probation or suspension of sentence, in accordance with LSA-R.S. 15:529.1 G. However, the commitment states that the trial court also denied defendant parole eligibility. When there is a conflict between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). Thus, this matter is remanded to the trial court for the limited purpose of amending the commitment to conform to the sentencing transcript. See State v. Parnell, 07-37 (La.App. 5 Cir. 5/15/07), 960 So.2d 1091, writ denied, 07-1417 (La.1/7/08), 973 So.2d 733.

CONCLUSION:
The defendant's 25 year sentence as a multiple offender is affirmed. This matter is remanded for the limited purpose of correcting the commitment.
SENTENCE AFFIRMED; MATTER REMANDED.
NOTES
[1] LSA-R.S. 15:529.1 D(3) requires that the trial judge vacate the defendant's original sentence when imposing a habitual offender sentence. This case is distinguishable from State v. Mayer, 99-3124 (La.3/31/00), 760 So.2d 309, where the transcript did not show the trial court had vacated the defendant's original sentence before imposing the habitual offender sentence, but the commitment and minute entry did reflect that the original sentence was vacated. The Mayer court found that no corrective action was necessary because, to the extent the commitment and minute entry reflected that the judge vacated the original sentence, any possible confusion as to the terms of confinement was eliminated, and no substantial right of the accused was affected. In the instant case, neither the transcript nor the commitment shows the original sentence was vacated.