STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 08-1469


STATE OF LOUISIANA

VERSUS

ARCHIE LOUIS CARTER, JR.


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 283,812
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

AFFIRMED.


James C. Downs
District Attorney - Ninth Judicial District Court
701 Murray Street
Alexandria, LA 71301
(318) 473-6650
Counsel for Plaintiff/Appellee:
State of Louisiana

**Loren Marc Lampert**
**P. O. Drawer 1472**
**Alexandria, LA 71309**
**(318) 473-6650**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**William Jarred Franklin**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, LA 71112**
**(318) 746-7467**
**Counsel for Defendant/Appellant:**
**Archie Louis Carter, Jr.**

**EZELL, JUDGE.**

In April 2007, a jury found Defendant, Archie Louis Carter, Jr., guilty of possession of codeine, possession with intent to distribute hydrocodone, obstruction of justice, possession of marijuana in an amount greater than sixty pounds but less than two thousand pounds, and conspiracy to distribute marijuana.[1] The trial court sentenced Defendant to five years on each of the first three convictions, thirty years on the fourth and ten years on the fifth. All sentences were to run concurrently. On appeal, this court reversed Defendant's conviction for possession of codeine and for possession of marijuana in an amount greater than sixty pounds but less than two thousand pounds and vacated his sentences for those two convictions. The other convictions and sentences were affirmed. *State v. Carter*, 07-1237 (La.App. 3 Cir. 4/9/08), 981 So.2d 734, *writ denied*, 08-1083 (La. 1/9/09), 998 So.2d 712.

Two days after this court affirmed the three remaining convictions and sentences, the State filed its multiple offender bill under docket number 283812.[2] At a hearing on July 14, 2008, the trial court adjudicated Defendant a second offender, vacated his prior sentences and resentenced Defendant on each conviction as follows:

1.    For possession with intent to distribute CDS III, twenty years at hard labor;

2.    For obstruction of justice, ten years at hard labor; and

3.    For conspiracy to distribute CDS I, twenty-five years at hard labor.

---

[1]Although the trial court referred to this crime by its correct title in adjudicating Defendant a second offender, it inadvertently referred to the crime as possession with intent to distribute marijuana when it sentenced him. However, the court minutes reflect the correct title of the crime.

[2]Although the multiple offender bill is dated May 10, 2008, the filing date stamped on the document is April 11, 2008.

1

The sentences are to run concurrently, with credit for time served. Defendant filed a motion to reconsider which addressed only his twenty-year sentence for possession with intent to distribute CDS III.

Defendant now appeals, asserting his adjudication was improper and his sentences are excessive. For the reasons discussed below, Defendant's adjudication as a multiple offender and his sentences are affirmed.

## FACTS

The Defendant was adjudicated a second felony offender and sentenced to twenty years at hard labor for possession with intent to distribute hydrocodone, ten years at hard labor for obstruction of justice, and twenty-five years at hard labor for conspiracy to distribute marijuana.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR NUMBER ONE

Defendant argues his adjudication as a second offender is improper because the habitual offender bill of information was (1) untimely, (2) Defendant was not adequately advised of his right to trial by jury at the guilty plea of the predicate offenses, (3) the State failed to provide proper notice of the habitual offender hearing and comply with discovery, and (4) the State failed to prove the cleansing period had not expired.

Untimeliness of the Habitual Offender Bill

Because eleven months elapsed between Defendant's May 11, 2007 sentencing and the filing of the multiple offender bill of information, Defendant argues the bill

2

was untimely. Defendant cites four cases in support of his argument; in each of those cases, the Defendant filed a motion to quash the habitual offender bill. Defendant herein did not file a motion to quash or otherwise make the argument of untimeliness in the trial court. This legal argument cannot be raised for the first time on appeal where Defendant failed to file a motion to quash the multiple offender bill in the trial court prior to his multiple offender hearing. *State v. Young*, 08-387 (La.App. 5 Cir. 9/16/08), 996 So.2d 302. Therefore, this assignment of error is not considered, as it is not properly before the court. *Id.; State v. Braziel*, 42,668 (La.App. 2 Cir. 10/24/07), 968 So.2d 853.

Improper Notice of Hearing and Compliance with Discovery

Defendant relies on discovery requests filed during the course of the original pre-trial proceedings, with which the State complied. He argues the State had a continuing duty to disclose pursuant to those requests. Defendant alleges he was prevented from preparing and presenting an adequate defense in the multiple offender proceeding because of the State's failure to continue to disclose.

The State had no obligation to provide Defendant with its proof of the multiple offender bill prior to the hearing. *State v. Williams*, 02-2189 (La.App. 4 Cir. 6/4/03), 849 So.2d 799. As in *Williams*, Defendant knew from the content of the multiple offender bill that the March 2002 guilty pleas and the April 2007 convictions would be the bases for enhancing his sentences. He waived formal arraignment on the multiple offender charge on May 23, 2008, and he had ample time to propound additional discovery in the multiple offender proceeding. The record indicates no discovery had been filed as of May 23, 2008, and none was filed thereafter. The State did not violate any duty to disclose information to Defendant regarding his multiple offender bill, and thus, this argument has no merit.

3

Failure to Advise of Rights on Predicate Offense

Defendant complains the trial court erroneously failed to advise him of his right to trial by jury when he pled guilty on March 11, 2002, and thus, his guilty pleas were not voluntarily made. United States Constitution Amendments V and VI require a defendant to be advised of this right. Minutes of court on all three charges, however, state the "court explained to the accused his constitutional rights, including, among others, the right to trial by judge or jury. . . ." Further, the transcript of the pleas indicates the trial judge advised Defendant as follows:

BY THE COURT:

You have a right to plead not guilty and we can proceed to a trial by judge or by jury at your choice. Do you understand that?

BY MR. CARTER:

Yes, sir.

Nevertheless, at the multiple offender hearing, Defendant first said his attorney never explained he had the right to a jury trial, or the difference between trial by jury and trial by judge. Later, however, he said he could not be positive that the judge went over his rights at the plea hearing. When questioned by the trial judge, Defendant could not recall being advised of *any* of his rights at the plea hearing, but testified his "rememory (sic) clouded from 2002." Defendant argues he was not advised of his right to a jury trial because the Felony Plea of Guilty and Waiver of Rights Check List mentions only that he was entitled to a trial.

The record must show a defendant's guilty plea was entered into knowingly and voluntarily. *State v. Salinas*, 97-716 (La.App. 3 Cir. 10/29/97), 703 So.2d 671, *rev'd on other grounds*, 97-2930 (La. 9/25/98), 719 So.2d 1035. Thus, the record of a valid guilty plea must show the defendant knowingly and voluntarily waived his right to trial by jury. *Id.* However, the State adequately proves that a defendant is

4

correctly advised of his rights under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969), by use of either court minutes or the contemporaneous transcript of the guilty plea. *State v. Bland*, 419 So.2d 1227 (La.1982).

Here, both the contemporaneous record of the pleas and the court minutes specifically address Defendant's right to plead not guilty and "proceed to a trial by judge or by jury at your choice." Defendant indicated he understood, and that agreement is memorialized in the court minutes. Defendant's claim that the transcript and minute entries do not indicate he was apprised of his right to a jury trial is simply erroneous.

Cleansing Period

Defendant argues for the first time on appeal that the State did not prove ten years had not elapsed between his release from State custody and the current conviction. Defendant filed no motion to quash the multiple offender bill for this (or any other) reason, and he made no objection at the hearing that the State had failed to prove the cleansing period had not elapsed. Thus, this issue has not been preserved for appeal, and it is not now properly before this court. *State v. Lewis*, 00-53 (La.App. 4 Cir. 12/13/00), 776 So.2d 613, *writ denied*, 01-381 (La. 10/5/01), 798 So.2d 966.

**ASSIGNMENT OF ERROR NUMBER TWO**

Defendant claims his enhanced sentences are excessive and were lengthened unnecessarily in retribution for his "successful exercise of his appellate rights." We find the enhanced sentences are not excessive for this Defendant under these circumstances. This court has set out a standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive

5

sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (alteration in original).

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The trial judge here did not delineate any factors at the multiple offender hearing to support the length of Defendant's enhanced sentences. He did, however, advise Defendant that the factual basis of his ruling was the reported decision of this

6

court in the appeal of the April 20, 2007 guilty verdict. *See State v. Carter*, 981 So.2d 734.[3]

Although Defendant was only twenty-six years old at the time of his multiple offender sentencing, he already had a long criminal history.[4] Defendant was sentenced in 2002 on two counts of possession of CDS Schedule II, two counts of possession of CDS Schedule V, illegal carrying of a weapon with drugs, and possession with intent to distribute CDS Schedule I. *Id.* Additionally, in 1998, Defendant was convicted of simple escape. *Id.* Defendant had been booked into jail twenty-four times by the time of his April 2007 trial. *Id.*

As a result of the 2007 conviction, the trial court considered as aggravating factors that Defendant used his position or status to facilitate his offenses and that he was a leader in concert with others over whom Defendant held a supervisory, management or organizer position. *Id.* Defendant received the maximum sentence as a second offender on the charge of distribution of CDS Schedule III, hydrocodone. The possible sentence for conspiracy to distribute CDS Schedule I, marijuana was seven and a half to thirty years. Defendant received a sentence of twenty-five years, toward the upper end of the range.

The previous opinion of the court at *Carter*, 981 So.2d 734, contains an error regarding Defendant's sentence for obstruction of justice. That opinion refers to the maximum sentence as five years, and it affirms Defendant's maximum sentence. In fact, the obstruction of justice charge was related to distribution of hydrocodone, a

---

[3]The trial court stated, "I'm going to advise you that the factual basis for the guilty plea will be the opinion of the Third Circuit, which is not in the record, but it's a reported decision by the Third Circuit." In context, it is clear the court intended the opinion to serve as the factual basis for the enhanced sentences, as no "guilty plea" was involved in the proceedings.

[4]In its brief, the State cites the transcript of the April 2007 trial. However, at the multiple offender hearing, the trial judge referenced only the reported decision of this court, not the record of that matter. Accordingly, this opinion considers only information reported in the published opinion. *Carter*, 981 So.2d 734.

crime that mandates hard labor and carries less than a life sentence. La.R.S. 40:968(B). Thus, the sentence applicable to Defendant's obstruction of justice charge is found at La.R.S. 14:130.1(B)(2), which carries a maximum sentence of twenty years at hard labor, not a maximum of five years.

Accordingly, the range for Defendant's enhanced obstruction of justice sentence was ten to forty years. La.R.S. 14:130.1(B)(2); La.R.S. 15:529.1(A)(1)(a). He was sentenced as a multiple offender to ten years, in actuality the minimum enhanced sentence rather than the maximum.

Other cases dealing with similar offenses show Defendant's sentences, while toward the high end of his sentencing range, are not excessive. For example, the defendant was sentenced to the maximum thirty years for attempted possession of marijuana with intent to distribute in *State v. Taylor*, 39,651 (La.App. 2 Cir. 4/6/05), 900 So.2d 212. The *Taylor* defendant was on parole for a crime of violence when the offense occurred and had been out of jail only a few weeks. The trial court had found an undue risk that the defendant would commit another crime during a period of suspension or probation, a lesser sentence would deprecate the seriousness of the offense, and the defendant was in need of correctional treatment. *Id.* The second circuit affirmed the trial court's characterization of the defendant as "the worst type of offender." *Id*. at 220.

The defendant in *State v. Murray*, 42,655, 42,656, 42,658 (La.App. 2 Cir. 10/24/07), 968 So.2d 916, *writ denied*, 08-468 (La. 11/14/08), 996 So.2d 1083, was convicted of computer-aided solicitation of a juvenile, attempted carnal knowledge of a juvenile, and possession of hydrocodone with the intent to distribute. He was sentenced to ten years for the possession charge as a first offender, although he did have several prior drug convictions. The second circuit noted the trial court's broad

8

discretion in imposing a sentence within statutory limits. Here, Defendant was a second felony offender with numerous prior convictions.

With regard to the obstruction of justice conviction, Defendant received the minimum second offender sentence. Downward departures from minimum statutory sentences should only occur in rare cases where a defendant shows his particular case involves an unconstitutionally excessive sentence. *State v. Johnson,* 97-1906 (La. 3/4/98) 709 So.2d 672*; State v. Taylor*, 06-839 (La.App. 5 Cir. 3/13/07), 956 So.2d 25, *writ denied*, 06-859 (La. 6/15/07), 958 So.2d 1179. Defendant here has not made any such showing.

The record here demonstrates that, despite his youth, Defendant is a career criminal involved in the trafficking of dangerous drugs. He was not yet twenty years old at the time of his plea bargain in the predicate offenses.[5] Defendant has now been convicted, either by plea or by jury, of ten felonies. He was incarcerated in 2002 as a result of the guilty plea to six felonies but committed three similar felonies related to drug trafficking after his release. Although the record does not indicate the date of Defendant's release from prison on the predicate offenses, he began serving a seven-year sentence in 2002. Defendant testified at the sentencing hearing that he served three-and-a-half years of that sentence. He was arraigned for the crimes from the April 2007 conviction on September 22, 2006. Apparently, Defendant resumed his criminal habits immediately upon release from incarceration or shortly thereafter. His prior incarceration did not dissuade his behavior. A prior criminal history of similar offenses is a factor the court may consider when imposing a sentence. La.Code Crim.P. art. 894.1(A)(12).

---

[5]Defendant's date of birth is August 13, 1982.

While Defendant contends his sentences are unconstitutionally excessive, he points to no facts in the record to support that argument. He correctly notes that the circumstances of the case and the defendant's background, factors noted in *Smith*, 766 So.2d 501, determine whether a sentence is too severe. He cites all the appropriate cases and principles of law, but he gives this court no factual basis on which to support a downward departure from his sentences or to show an abuse of discretion. The cases cited above suggest that, while Defendant's sentences for possession of hydrocodone and conspiracy to distribute marijuana may be at the high end of the range, they are not excessive. Defendant's sentence for obstruction is actually the minimum allowed by statute. La.R.S. 15:529.1(A)(1)(a); La.R.S. 14:130.1(B)(2).

Accordingly, the trial court did not abuse its discretion in sentencing Defendant to twenty years, the maximum time allowed for distribution of hydrocodone, ten years, the minimum time allowed for obstruction of justice, and twenty-five years for conspiracy to distribute marijuana.

## CONCLUSION

Defendant's adjudication as a second felony offender and his sentences are affirmed.

**AFFIRMED.**

10