951 So.2d 382 (2007)
STATE of Louisiana
v.
Eric COLLINS.
No. 06-KA-575.
Court of Appeal of Louisiana, Fifth Circuit.
January 16, 2007.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Megan L. Gorman, Appellate Counsel, Donald Rowan, Trial Counsel, Assistant District Attorneys, Parish of Jefferson, Gretna, Louisiana, for Plaintiff/Appellee.
Gwendolyn K. Brown, Louisiana Appellate Project, Baton Rouge, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., FREDERICKA HOMBERG WICKER, and GREG G. GUIDRY.
FREDERICKA HOMBERG WICKER, Judge.
In this criminal matter defendant, Eric Collins, appeals a judgment of the trial court that denied his motion to withdraw *383 his guilty plea. Because this Court cannot ascertain to which count defendant's guilty plea applies, nor whether a second count of charged criminal activity is still outstanding, we revoke defendant's guilty plea, vacate the sentence, and remand the matter for further proceedings.
The record before us shows that the Jefferson Parish District Attorney filed a bill of information on November 17, 2004 charging seven counts of criminal behavior, and naming two defendants, Eric Collins and Jerald J. Jenkins. Collins is charged with one count of attempted armed robbery, and one count of attempted second degree murder. The remaining five counts relate to Jenkins. A supplement to the record shows the bill of information was amended on April 20, 2006 to reflect a charge under La. R.S. 40:967 A, distribution of cocaine. However, there is no indication as to which defendant or to which charge the amendment applies. A waiver of constitutional rights and plea of guilty form also dated April 20, 2006 indicates that Collins plead guilty to a single charge of violating La. R.S. 40:967 A, distribution of cocaine and will receive a sentence of two years in exchange for his testimony against Jenkins at trial.
The transcript of the proceedings of April 20, 2006 indicates that the defendant withdrew "any pleas of not guilty" and entered "a plea of guilty to 49:67(A)."[1] The defendant was properly advised of his rights[2] and the sentence, and defendant's agreement to testify in a trial against co-defendant Jenkins was explained. In the end, the trial court accepted the plea as being a "knowing, intelligent, free and voluntary act of pleading guilty." Sentencing was scheduled for June 26, 2006.
The entire tone of the transcript as it relates to a guilty plea is in the singular, and there is no indication as to which count the guilty plea applies. To complicate matters, the minute entry for April 20, 2006 contradicts the transcript and shows that the defendant pled guilty to two counts of distribution of cocaine.
Subsequently, defendant filed a motion to withdraw his guilty plea. On June 26, 2006, that motion was denied and the trial court sentenced defendant to fifteen years in the custody of the Department of Corrections. In making that decision the trial court stated:
Mr. Collins, when this case first came up and we pre-tried it, you were offered fifteen years in the custody of the Department of Corrections, because you had a charge of armed robbery. You agreed to testify for the State, and the State dismissed the armed robbery charge, and just left you with the distribution of a controlled dangerous substance. You were offered two years if you testified, and I told you at the time that if you did not testify, that would not be binding on the Court.
The minute entry for that day states that the defendant withdrew a plea of not guilty and tendered "a plea of guilty on counts 1, 2." The minute entry and the commitment also state that the court sentenced defendant to imprisonment at hard labor for fifteen years "on counts 1, 2 concurrently."
We are aware of the rule of law that generally, when there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). However, this Court is presented with the problem of a *384 defendant who was originally charged with one count of attempted armed robbery and one count of attempted second degree murder. There is an amended bill of information which does not name the defendant or indicate which count of the seven counts charged was amended. Further, the transcript only refers to a charge of armed robbery that was amended. Even if we assume the trial judge misspoke and intended to sentence the defendant on a charge amended from an attempted armed robbery charge, the issue of the second count of attempted second degree murder is still unresolved.
La.C.Cr.P. art. 559 provides that a court may permit a defendant to withdraw a guilty plea prior to sentencing. While the trial court has great discretion with regard to the withdrawal of a guilty plea, it may not exercise that authority arbitrarily. State v. Jenkins, 419 So.2d 463, 466 (La.1982). Generally, a denial of a motion to withdraw a guilty plea will not be reversed on appeal if the record clearly shows the defendant was informed of his rights and the consequences of his plea, and that the plea was entered into voluntarily. State v. Stewart, 03-976 (La.App. 5 Cir. 12/30/03), 862 So.2d 1271, 1275.
The assignments of error and response thereto relate to the validity of the condition of the plea agreement that defendant testify against Jenkins at trial. We do not have to reach that issue; however, because we find that under the circumstances of this case defendant could not have given a knowing and intelligent plea of guilty.[3]
Clearly if this Court is unable to determine from the record whether one or both of the offenses charged were amended, and whether defendant has pled guilty to, and sentenced on, one or two counts, the defendant could not have given a voluntary and knowing plea of guilty.
Accordingly, we find the trial court erred in denying defendant's motion to withdraw his guilty plea. We vacate the sentence, revoke the defendant's plea of guilty and remand the matter for further proceedings.
SENTENCE VACATED; GUILTY PLEA REVOKED; MATTER REMANDED.
NOTES
[1] It is assumed that the transcript contains a typo and the guilty plea is actually on a drug charge under La. R.S. 40:967 A.
[2] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)
[3] By this opinion we do not mean to comment one way or the other whether the trial court is limited to the original plea agreement with its attendant two year sentence.