966 So.2d 534 (2007)
STATE of Louisiana
v.
Eric COLLINS.
No. 2007-K-0310.
Supreme Court of Louisiana.
October 12, 2007.
PER CURIAM.
Granted. The court of appeal erred in setting aside defendant's conviction and sentence on grounds that "if this Court is unable to determine from the record whether one or both of the offenses charged [originally against defendant] were amended, and whether defendant has pled guilty to, and [was] sentenced on, one or two counts, the defendant could not have given a voluntary and knowing plea of guilty." State v. Collins, 04-7000, p. 5 (La.App. 5th Cir.1/16/07), 951 So.2d 382, 384.
A fair reading of the record in its entirety indicates that defendant, originally charged with both attempted armed robbery with a firearm and attempted second degree murder, entered a guilty plea to a single count of distribution of cocaine pursuant to a plea bargain in which the state amended the original count charging attempted *535 second degree murder to charge the drug offense and dismissed the count charging attempted armed robbery with a firearm. See La.C.Cr.P. art. 487(B)("Nothing contained herein shall be construed to prohibit the defendant from entering a plea of guilty to a crime non-responsive to the original indictment when such a plea is acceptable to the district attorney, and in such case, the district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered."). As part of the plea bargain, the trial court agreed to impose the mandatory minimum term of two years imprisonment at hard labor for the cocaine offense, La.R.S. 40:967(B)(b), conditioned on defendant's testimony against his severed co-defendant. The court set sentencing on a date after the co-defendant's trial. When defendant failed to testify against the co-defendant, the trial court sentenced him on the cocaine charge to 15 years imprisonment at hard labor, the first two years without benefit of parole, probation, or suspension of sentence, a term of years originally offered defendant during plea negotiations when he was still charged with attempted armed robbery with a firearm.
The transcript of the guilty plea colloquy and the waiver form executed by defendant and his attorney indicate that defendant was fully apprised of the charge to which he was pleading guilty and fully informed of the trial rights he was waiving by entering his guilty plea. Cf. Henderson v. Morgan, 426 U.S. 637, 647, 96 S.Ct. 2253, 2258, 49 L.Ed.2d 108 (1976)("[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."). The record also indicates that defendant was clearly informed that the court would not consider itself bound by the agreement for a two-year sentence in the event that defendant did not hold up his end of the bargain by testifying against the co-defendant. Under these circumstances, the record shows that defendant entered a voluntary guilty plea to a single count of distribution of cocaine and that he had no basis for withdrawing his plea on grounds that the sentence ultimately imposed by the court was greater than the two years conditionally promised him or that he could not have entered a knowing and intelligent plea because of the confusion over the disposition of the original charges.
The decision of the court of appeal is therefore reversed, defendant's conviction and sentence are reinstated, and this case is remanded to the district court for execution of sentence. The district court is directed to correct the minutes to conform them to the events as they actually transpired with the taking of defendant's guilty plea. State v. Lynch, 441 So.2d 732, 734 (La.1983)("Since there is a discrepancy between the minutes and the transcript, the transcript must prevail.") (citation omitted).
JOHNSON, J., would deny.