WICKER, J.
h Defendant, Mario Chavez, challenges his fifty-year sentence for his sexual battery upon a known juvenile conviction in violation of La. R.S. 14:43.1. Because we find the trial judge imposed an indeterminate sentence, we vacate defendant’s sentence and remand for resentencing.
STATEMENT OF THE CASE
On October 17, 2014, the Jefferson Parish District Attorney filed a bill of information charging defendant with sexual battery upon a known juvenile under the age of thirteen, by touching the victim’s genitals, in violation of La. R.S. 14:43.1. Defendant pled not guilty at arraignment and the matter proceeded to trial by jury. On April 14, 2016, a twelve-person jury found defendant guilty as charged. On April 21, 2016, defendant filed a motion for new trial, which the trial judge denied. On that same date, after defendant waived sentencing delays, the trial judge sentenced defendant to imprisonment at hard labor for fifty years with “at least” twenty-five years of the sentence to be served without benefit of parole, probation, or suspension of sentence.
In this appeal, defendant’s sole assignment of error is the claim that his fifty-year sentence is excessive.
ERRORS PATENT
In each case, this Court reviews the record before us for errors patent, in accordance with La. C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La. 1975), regardless of whether defendant makes such a request. State v. Bone, 12-34 (La. App. 5 Cir. 9/11/12), 107 So.3d 49, 68. The record in this case presents the following error patent requiring corrective action:
The sentencing transcript reflects that the trial judge sentenced defendant to fifty years at hard labor and stated that “at least 25 years shall be served without the benefit of parole, probation, or suspension of sentence.” The commitment ^reflects that the trial judge sentenced defendant to fifty years at hard labor with the first 25 years to be served without benefits. Where there is a conflict between the transcript and commitment, the transcript prevails. State v. Collins, 07-0310 (La. 10/12/07), 966 So.2d 534, 535; State v. Lynch, 441 So.2d 732, 734 (La. 1983); State v. Collins, 09-283 (La.App. 5 Cir. 12/8/09), 30 So.3d 72, 87.
A trial court must impose a determinate sentence. La.C.Cr.P. art. 879. Because the *1261 sentence imposed does not specify the period of time during which defendant is ineligible for parole, we find defendant’s sentence is not fully determinate and must be set aside. See State v. Matthews, 94-2702 (La. 3/10/95), 650 So.2d 1170 (holding that “[r]elator’s sentence of forty years at hard labor, ‘at least’ ten years of which must be served without parole eligibility, is vacated and this case is remanded to the district court with instructions to resen-tence relator to a determinate, sentence which specifies the extent of parole disability in a fixed number of years”); State v. Harris, 11-253 (La.App. 5 Cir. 12/28/11), 83 So.3d 269, 284-85, citing State ex rel Dawson v. Ballard, 460 So.2d 595 (La. 1984) (holding “[cjase remanded for reim-position of a fully determinate sentence as to duration of period without benefit of parole”). Accordingly, defendant’s sentence is vacated and this matter is remanded to the trial court for resentencing in compliance with La. R.S. 14:43.1.
SENTENCE VACATED; MATTER REMANDED