STATE OF LOUISIANA

VERSUS

JOHN JARAMILLO AKA ALEX, JOHN ALEX
JARAMILLO

NO. 23-KA-322

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 21-602, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

February 28, 2024

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Scott U. Schlegel

**RULING AFFIRMED;**
**CONVICTIONS AFFIRMED;**
**SENTENCES ON COUNTS ONE AND THREE AFFIRMED;**
**SENTENCE ON COUNT TWO VACATED;**
**REMANDED FOR RESENTENCING AND**
**CORRECTION OF UCO**
 **MEJ**
 **FHW**
 **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUB RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Monique D. Nolan
    Eric Cusimano
    Gabrielle Hosli

COUNSEL FOR DEFENDANT/APPELLANT,
JOHN JARAMILLO
    Jane L. Beebe

**JOHNSON, J.**

Defendant, John Jaramillo, aka John Alex Jaramillo, seeks review of the 24th Judicial District Court's pre-trial ruling denying his motion to suppress statement. For the following reasons, we affirm the district court's March 24, 2022 ruling denying Defendant's motion to suppress his statement. We also affirm Defendant's convictions and sentences on counts one and three, vacate the sentence on count two, and remand the matter for resentencing. Additionally, we order the correction of the uniform commitment order.

### FACTS AND PROCEDURAL HISTORY

On June 17, 2021, a Jefferson Parish Grand Jury returned an indictment, charging Defendant, John Jaramillo, with first degree rape in violation of La. R.S. 14:42 (count one); sexual battery in violation of La. R.S. 14:43.1 (count two); and indecent behavior with a juvenile in violation of La. R.S. 14:81 (count three), all upon N.F.[1], a known juvenile under the age of thirteen, on or between June 1, 2018, and January 27, 2021. Defendant was arraigned on June 24, 2021, and pled not guilty.

On June 28, 2021, the defense filed omnibus pretrial motions, including a motion to suppress statement. On March 24, 2022, the district court heard Defendant's motion to suppress his statement.

At the hearing on the motion to suppress, Detective Diana[2] Robinson testified that she had been a detective with JPSO for five years. She conducted an interview with Defendant following his arrest, which was recorded. Det. Robinson advised Defendant of his *Miranda*[3] rights by reading to him the Rights of Arrestee

---

[1] N.F. was born on August 10, 2010. In the interest of protecting minor victims and victims of sexual offenses, pursuant to La. R.S. 46:1844(W)(3), the judges of this Court have adopted a policy that this Court's published work will use only initials to identify the victim. *See State v. Hayman*, 20-323 (La. App. 5 Cir. 4/28/21), 347 So.3d 1030, 1033.

[2] The March 24, 2023 transcript refers to Det. "Biana" Robinson, but according to the trial transcript, her first name is "Diana" and she confirmed the spelling of her first name on the record.

[3] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

form. Defendant verbally stated that he understood his rights. The form was admitted into evidence. Det. Robinson further testified that Defendant denied all allegations until she asked him why the sexual abuse stopped and he replied, "I didn't know". He also indicated that he did not have a reason when she asked why he was lying and asked to plead guilty.

On cross-examination, Det. Robinson testified that the interview began at 8:27 p.m. She was not sure when the interview ended, or how many times she stated something to the effect of "Your answer to my question is always I don't know. That is not going to work" or "That is not right". Det. Robinson was also unsure of how many times she asked Defendant questions, such as "why are you lying?" and how many times he was going to "lie to me to my face"; or remind him of his opportunity to "make it right". Det. Robinson was not aware of how long Defendant had been at the bureau before their interview took place. On redirect, Det. Robinson testified that she did not pressure or coerce Defendant into signing the waiver of rights form.

The defense then argued that Defendant was threatened, pressured, and coerced into giving a statement by the detective through her tone of voice, repeated questions and expressed disapproval of Defendant's answers, and the length of the interview, which the defense stated was two hours and thirty-eight minutes long. The defense accused the detective of badgering Defendant, and also alleged that the she did not read the entire form, or verify that Defendant could read and write.

The State countered that Det. Robinson advised Defendant of his rights verbally, and in writing *via* the Rights of Arrestee Form, "which [states] he read and signed [the form]." The State contended that the repeated questions did not constitute a show of force or a threat to Defendant.

At the end of the March 24, 2022 hearing, the court found that Defendant was fully advised of his *Miranda* rights and he executed the waiver of rights form

after being advised of his rights. The district court then denied the motion for suppression.

On February 9, 2023, the State amended the indictment, adding Defendant's aliases "Alex" and "John Alex Jaramillo." The State also amended the first date of the date range of each count to August 10, 2016.

The jury trial began on February 15, 2023. The State's witnesses included Diana Barnes, the Jefferson Parish Schools licensed clinical social worker to whom N.F. initially disclosed the abuse; Dr. Paige Culotta, the Care Center / Children's Hospital (New Orleans) physician, qualified as an expert in child abuse pediatrics, who performed the forensic examination; Elizabeth Manasevit, formerly with the Child Advocacy Center, who performed the forensic interview; N.F.'s mother; and JPSO Detective Diana Robinson. The cumulative testimony of those witnesses provided evidence regarding N.F.'s disclosure and description of the abusive acts committed by Defendant, N.F.'s mother's boyfriend. JPSO Deputy Kisha Mann, the officer who initially responded to the report of child sexual abuse, was called by the defense as an impeachment witness the next day.

The prosecution also called Det. Robinson to testify at the end of the first day of trial. She testified that she received a call from the patrol division on January 27, 2021 in reference to N.F. disclosing sexual abuse to her school social worker. Det. Robinson testified that Defendant was not home when she went to N.F.'s residence the next day. Later that evening, JPSO received a 9-1-1 call that Defendant returned to the home. Defendant was apprehended there and brought to investigation bureau for questioning. Detective Robinson testified that she did not know Defendant and she began the interview by reading Defendant his *Miranda* rights. She described "break[ing the *Miranda* warning] down in[to] laymen's terms where everybody can understand". Detective Robinson stated that during the interview, she asked him if there was a reason the victim would fabricate the

sexual abuse allegations. She stated that she continued to ask Defendant that question numerous times during the interview, and she never received an explanation. Detective Robinson stated that she interviewed Defendant before the victim's CAC interview and visit to the care center. She testified that, at the end of the interview Defendant stated, "I'm sorry. I'm so sorry." By way of answering hypotheticals posed by the assistant district attorney, Det. Robinson showed that she understood how a suspect in custody could invoke their right to remain silent after initially agreeing to speak with law enforcement. The interview video was published to the jury.

On February 16, 2023, Defendant was found guilty as charged by a unanimous 12-person jury. Defendant's motion for new trial and a motion for post-verdict judgment of acquittal were heard and denied on March 1, 2023. On the same date, he was sentenced to serve life in prison without the benefit of parole, probation, or suspension of sentence on count one; fifty (50) years on count two, with at least twenty-five (25) years to be served without benefits; and twenty-five (25) years on count three, without benefits; all sentences to be served concurrently. A motion for appeal was filed and granted. Defendant's motion to reconsider sentence was denied on March 6, 2023.

### ASSIGNMENTS OF ERROR

Defendant assigns as error the district court's failure to suppress the statement he made while in custody at the Jefferson Parish Sheriff's Office after his arrest. Defendant argues that the detective who questioned him did not verify that he could read, or that he had read the entire form before signing to acknowledge the waiver of his *Miranda* rights. Defendant also alleges that "the entire tone of the interview was confrontational and combative" and points out that he asked if he "could just plead guilty and be done with the interview." Defendant avers that it is clear that he was being "harangued to the point of capitulation."

23-KA-322                                    4

Last, Defendant urges that the statement was made under "clear duress" and the district court should have suppressed his statement.

The State responds that Defendant's contentions are without support. The State avers that the testimony and evidence established that Defendant was read his *Miranda* rights and, in executing the Rights of Arrestee Form, he voluntarily and intelligently waived those rights. Also, the video recording of Defendant's interview shows that he was not under duress at the time he made his statement. Further, Defendant did not profess to have difficulty with the English language in his motion or at the suppression hearing; therefore, the State argues that that basis for Defendant's claim should not be addressed on appeal. The State concludes that the trial court did not err, or abuse its discretion, in denying Defendant's motion to suppress.

### LAW AND DISCUSSION

The State has the burden of proving the admissibility of a purported confession or statement by the defendant. *State v. Arias-Chavarria*, 10-116 (La. App. 5 Cir. 9/28/10), 49 So.3d 426, 433, *writ denied sub nom. State ex rel. Arias-Chavarria v. State*, 10-2432 (La. 2/25/11), 58 So.3d 460 (citing La. C.Cr.P. art. 703(D)). Before an inculpatory statement made during a custodial interrogation may be introduced into evidence, the State must prove beyond a reasonable doubt that the defendant was first advised of his *Miranda* rights, that he voluntarily and intelligently waived his *Miranda* rights, and that the statement was made freely and voluntarily and not under the influence of fear, intimidation, menaces, threats, inducements or promises. *Id.*; *State v. Sierra*, 11-161 (La. App. 5 Cir. 12/28/11), 83 So.3d 239, 248.

A determination of voluntariness is made on a case-by-case basis, depending on the totality of the facts and circumstances of each situation. *State v. Gross*, 12-73 (La. App. 5 Cir. 2/21/13), 110 So.3d 1173, 1185, *writ denied*, 13-661 (La.

10/25/13), 124 So.3d 1091. The admissibility of a confession or statement is a determination for the trial judge, and the judge's conclusions on the credibility and weight of the testimony relating to the voluntary nature of the confession or statement are entitled to great weight and will not be overturned unless unsupported by the evidence. *Id.* Testimony of the interviewing police officer alone may be sufficient proof that a defendant's statements were freely and voluntarily given. *State v. Estes*, 14-781 (La. App. 5 Cir. 2/25/15), 168 So.3d 847, 860, *writ denied sub nom. State ex rel. Estes v. State*, 15-654 (La. 2/5/16), 186 So.3d 1164. When deciding whether a statement is knowing and voluntary, a court considers the totality of the circumstances under which it is made, and any inducement is merely one factor in the analysis. *State v. Reaux*, 14-215 (La. App. 5 Cir. 11/25/14), 165 So.3d 944, 956, *writ denied*, 14-2639 (La. 10/9/15), 178 So.3d 1000.

A defendant bears the burden of asserting the basis for his motion to suppress in order to give the State adequate notice so that it may present evidence and address the issue. *State v. Lobo*, 11-51 (La. App. 5 Cir. 10/25/11), 77 So.3d 427, 436, *writ denied*, 11-2586 (La. 3/30/12), 85 So.3d 117. La. C.Cr.P. art. 841(A) provides that "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." Articulating a new basis for the motion to suppress for the first time on appeal is prohibited under La. C.Cr.P. art. 841, since the trial court would not be afforded an opportunity to consider the merits of the particular claim. *State v. Berroa-Reyes*, 12-581 (La. App. 5 Cir. 1/30/13), 109 So.3d 487, 496 (citing *State v. Harris,* 414 So.2d 325 (La. 1982)).

Pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), prior to questioning, the individual must be advised of 1) his right to remain silent, 2) that anything he says can be used against him in a court of law, 3) that he has the right to the presence of an attorney, and 4) if he cannot afford an

attorney, one will be appointed for him prior to any questioning if he so desires. *Id.* at 444. Further, if in any manner and at any stage of the process, the individual wishes to consult with an attorney before speaking, questioning must cease. *Id.* at 444-45. While the individual may knowingly and intelligently waive these rights, unless such warnings and waiver thereof are demonstrated, no evidence obtained as a result of the interrogation may be used against the individual. *Id.*

Upon careful review of the record and the interview video, we find that the district court did not abuse its discretion when it denied Defendant's motion to suppress his statement. In the instant matter, the State introduced the Rights of Arrestee form executed by Defendant at the suppression hearing into evidence. Defendant's recorded statement was admitted into evidence at trial. Det. Robinson testified at the suppression hearing and at trial. Although not required to do so, an appellate court may review the testimony adduced at trial in addition to the testimony adduced at the suppression hearing in determining the correctness of the trial court's pretrial ruling on a motion to suppress. *State v. Mejia*, 23-161 (La. App. 5 Cir. 11/29/23), 2023 WL 8249642 at *13.

The video depicts that, throughout Defendant's interview, he answered, "I don't know" in response to many of Detective's Robinson's questions. He initially told her he was never alone with his children. However, when she asked Defendant if he was alone with them during a period of unemployment, he replied "yes". After asking Defendant numerous times what happened between him and N.F., Defendant stated he did not want to put N.F. through this. When asked what made him stop, he told Det. Robinson that he did not know, and later stated that he knew it was not right. Defendant first stated that the touching was accidental and that they were "playing around." He disagreed with N.F.'s story. When asked again what happened, Defendant asked if he could "just plead guilty to get this over with." He then stated he did not know what he was thinking. He confirmed that he

committed acts that involved contact between his hand and/or genitals and N.F.'s genitals multiple times, but denied penetration. Defendant also confirmed the abuse occurred multiple times, and that all of the statements he told the detective were true.

Detective Robinson's testimony at the hearing on the motion, and at trial, was corroborated by the interview video. The video depicts Detective Robinson as she advised Defendant that he was under investigation for a sexual battery charge, and asked him a few personal identification questions, which he answered appropriately. He also briefly explained to her the difference between the terms "Hispanic" and "Latino", when she asked about his ethnicity. Det. Robinson then proceeded to read the Waiver of Rights form to Defendant. After each statement, she paraphrased the advisory in more colloquial language, and then asked Defendant if he understood. Each time, Defendant answered and nodded "Yes", as Det. Robinson instructed him at the beginning of their interaction that he would need to verbally confirm he understood each of his *Miranda* rights as she read them. Defendant also advised Det. Robinson during the interview that he was a "citizen" and he was from Texas. Regarding Defendant's allegation that there was a language barrier that prevented him from executing an intelligent and knowing waiver of his *Miranda* rights for the first time on appeal, we find that his objection on that ground is untimely. Louisiana courts have long held a defendant may not raise new grounds for suppressing evidence on appeal that he did not raise at the trial court in a motion to suppress. *Berroa-Reyes*, 109 So.3d at 496 (citations omitted). However, even if he had asserted this claim before trial, the interview video clearly shows that he is able to understand and communicate in English. *See State v. Darocha*, 20-176 (La. App. 5 Cir. 1/27/21), 309 So.3d 1041, 1044-45.

After Det. Robinson confirmed that Defendant understood all of his rights, no one had threatened or coerced him, and he was exercising his own free will in

speaking with her, she gave him the waiver of rights form to sign. She held the paper to steady it, because Defendant signed the paper while handcuffed. Approximately fifteen minutes after Defendant was advised of his rights, Det. Robinson advised him that he would be placed under arrest, based on N.F.'s report. The video also reveals that Det. Robinson's two-and-a half hour interview consisted of three separate, relatively brief encounters. First, the interaction in which she advised Defendant of his *Miranda* rights took approximately three minutes. Then, she returned later for a few minutes to advise Defendant that he was going to be arrested. The last encounter lasted about ten minutes. Det. Robinson did confront Defendant about the inconsistencies within the statements he made to her, and encouraged him to tell her the truth for the victim's sake. We find that Detective Robinson's questioning, though repetitive and probing, was not "intimidating or menacing". *See State v. Youngblood*, 21-670 (La. App. 5 Cir. 3/3/22), *writ denied,* 22-569 (La. 6/1/22); 338 So.3d 494. Emotional distress on the part of a defendant is not grounds for rendering a confession inadmissible, unless it is so severe that the party confessing is unable to voluntarily do so. *Id.*, *citing State v. Moseley*, 587 So.2d 46, 51 (La. App. 2d Cir. 1991), *writ denied*, 589 So.2d 1066 (La. 1991).

A trial court is afforded great discretion when ruling on a motion to suppress, and its ruling will not be disturbed absent an abuse of that discretion. *Mejia*, 2023 WL 8249642 at *16. In determining whether the trial court's ruling on a defendant's motion to suppress is correct, an appellate court is not limited to the evidence adduced at the suppression hearing but may also consider the evidence presented at trial. *Darocha*, 309 So.3d at 1052, *citing Berroa-Reyes*, 109 So.3d at 495. Considering the testimony at the suppression hearing and at trial, we find that the district court did not err when it denied Defendant's motion to suppress his statement. We find that Defendant understood and knowingly and intelligently

waived his *Miranda* rights. Det. Robinson challenged Defendant's inconsistent statements, insisted that he tell her the truth, and consider how his actions had harmed his victim. Nothing she did in the course of her investigation, according to her testimony and the interview video, supports a finding that JPSO's conduct was an impediment to Defendant exercising his *Miranda* rights at any time during that interview. Accordingly, we find no merit in Defendant's assignment of error.

## *ERRORS PATENT*

The record was reviewed for errors patent according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990). The following errors patent were identified.

*Indeterminate Sentence*

The transcript reflects that as to count two, the trial judge sentenced Defendant to "fifty years of hard labor with the Department of Corrections with **at least twenty-five years of the sentence being imposed without benefit of probation, parole, or suspension of sentence**." (Emphasis added). However, the sentencing minute entry and the Louisiana Uniform Commitment Order (UCO) show that the trial judge ordered "25 years of the sentence to be served without benefit of parole, probation, or suspension of sentence."

Where there is a conflict between the transcript and the minute entry, the transcript prevails. *State v. Lynch*, 441 So.2d 732, 734 (La. 1983).

La. C.Cr.P. art. 879 requires the trial court to impose a determinate sentence. Because the trial court sentenced Defendant to "at least 25 years" without benefits, in lieu of fixed term to be served without benefits, the sentence is indeterminate. An indeterminate sentence in violation of La. C.Cr.P. art. 879 should be remanded for the trial judge to clarify the sentence on resentencing. *State v. Lai*, 04-1053 (La. App. 5 Cir. 4/26/05), 902 So.2d 550, 562, *writ denied*, 05-1681 (La. 2/3/06), 922 So.2d 1175.

Accordingly, we vacate the sentence on count two in the instant matter and remand for resentencing in compliance with La. R.S. 14:43.1. *See State v. Chavez*, 16-445 (La. App. 5 Cir. 12/7/16), 228 So.3d 1259, 1260-61.

*Sentencing Transcript and Uniform Commitment Order Consistency*

On March 1, 2023, the trial court sentenced Defendant to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence as to count one. As to count two, the trial court sentenced Defendant to fifty years imprisonment at hard labor with at least twenty-five years to be served without benefit of parole, probation, or suspension of sentence. As to count three, the trial court sentenced Defendant to twenty-five years imprisonment at hard labor with the first two years to be served without benefit of parole, probation, or suspension of sentence. The sentences on all three counts were ordered to run concurrent with each other, and Defendant was given credit for time served. The UCO states that the sentence is concurrent with "each count **Jefferson, 24th JDC**." (Emphasis added). However, the transcript more specifically states that all three counts were to run concurrent with each other. We order that the UCO be corrected as to this issue. *See State v. Shorter*, 23-128 (La. App. 5 Cir. 11/29/23), 2023 WL 8250038. Last, the Clerk of Court for the 24th Judicial District Court is directed to transmit the original of the corrected UCO to the institution to which Defendant has been sentenced and to the Department of Corrections' legal department.

## *DECREE*

Based on the foregoing, the district court's March 24, 2022 ruling denying Defendant's motion to suppress is affirmed. Defendant's convictions on all counts and his sentences for counts one and three are affirmed. The sentence on count two is vacated. The matter is remanded for resentencing on count two and correction of the UCO as instructed above.

**RULING AFFIRMED;**

**CONVICTIONS AFFIRMED;**
**SENTENCES ON COUNTS ONE AND THREE AFFIRMED;**
**SENTENCE ON COUNT TWO VACATED;**
**REMANDED FOR RESENTENCING and**
**CORRECTION OF UCO**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY <u>FEBRUARY 28, 2024</u> TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-KA-322

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
MONIQUE D. NOLAN (APPELLEE)     THOMAS J. BUTLER (APPELLEE)     JANE L. BEEBE (APPELLANT)

**MAILED**
ERIC CUSIMANO (APPELLEE)
GABRIELLE HOSLI (APPELLEE)
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053