441 So.2d 732 (1983)
STATE of Louisiana
v.
Robert Louis LYNCH.
No. 82-KA-0859.
Supreme Court of Louisiana.
November 28, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, *733 Dist. Atty., Herman Lawson, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Ted Brett Brunson, Many, for defendant-appellant.
WATSON, Justice.
In this appeal, defendant contends that the trial court erred in finding him to be a second felony offender, because he was not fully advised of his Boykin[1] rights at the time of his first felony plea bargain. State v. Lewis, 367 So.2d 1155 (La., 1979).
Defendant, Robert Louis Lynch, was convicted by a jury of simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2. Defendant was then charged with being an habitual offender in violation of LSA-R.S. 15:529.1 because he had pleaded guilty to forgery on December 13, 1979. Defendant was convicted of being an habitual offender and sentenced to twelve years at hard labor, the first year without benefit of parole, probation or suspension of sentence.
The minute entry in connection with the prior guilty plea recited the following:
"Before acceptint (sic) the plea of guilty to Forgery, the court inquired of the defendant if he understood that by entering this plea he was waiving his right to trial by jury, waiving his rights against compulsory self-incrimination and waiving the right to be confronted by the witnesses against him. The defendant replied affirmatively. The Dsitrict (sic) Attorney made a statement of the facts and the defendant confirmed their correctness to the charge to which he was pleading and the mandatory penalty therefor and whether the plea of guilty to Forgery was freely and voluntarily made. The defendant again replied affirmatively. Whereupon, the Court accepted the plea of guilty to Forgery and ordered the plea recorded in the minutes of the court." (S-3)
Defense counsel objected to the introduction of the minute entry on the ground that it did not affirmatively show the plea was knowingly and intelligently made. The state then called defendant's prior attorney of record to testify. According to that attorney's recollection, his client had entered into a plea bargain in which he pled guilty to four counts of forgery, received a suspended sentence and was placed on probation. "It would have been my practice to advise him of his right to trial, and that he had the right to cross-examination, et cetera. I am not saying that I personally remember all of this, because I don't personally remember it.... I feel sure that I would have advised him." (Tr. 10)
The trial court ruled that the attorney's testimony did not substantiate or detract from the recitation in the minutes and accepted the minute entry into evidence over defendant's objection. At the time of this ruling, the prosecutor had already asked that the transcript of the prior proceedings be filed into the record.
In the prior transcript, Lynch's attorney recites:
"he understands that he has a right to a trial by Jury and he is giving that up by pleading guilty, and he understands that he has a right to confront the witnesses and he is giving this up, and any other rights. Is that right, Robert?
"THE DEFENDANT: Yes, sir.
"MR. BURKETT: And you understand that nobody has promised you anything.
"THE DEFENDANT: Yes, sir.
"THE COURT: You have made him aware of what he is charged with.
"MR. BURKETT: I have told him that he is charged with Forgery and that it carries a maximum of ten years, I believe.
"THE COURT: Do you have any questions about what you are doing, Robert, I mean you understand it all?
"THE DEFENDANT: Yes, sir.
"THE COURT: Alright, let the record reflect that the Court finds that the accused has voluntarily, intelligently, withdrawn his former plea of not guilty and entered a plea of guilty which plea is *734 accepted by the Court at this time." (Tr. 2-3)
In State v. Bland, 419 So.2d 1227 (La., 1982), defendant objected to a minute entry as sufficient proof that he had waived his rights. Bland held: "the state may affirmatively prove that the defendant had the benefit of counsel and that he was fully Boykinized by either the transcript of the plea of guilty or by the minute entry." 419 So.2d at 1232.
The minute entry here is contradicted by the transcript, which was introduced in evidence with the prosecutor's consent before the court concluded that the minute entry did not require corroboration. Since there is a discrepancy between the minutes and the transcript, the transcript must prevail. State v. Godejohn, 425 So.2d 750 (La., 1983). From the transcript it is apparent that defendant was not advised of his right to remain silent; therefore, his conviction cannot be used for enhancement. State v. Lewis, supra. The defendant's conviction as an habitual offender and his sentence are reversed and vacated and the matter is remanded for resentencing.
CONVICTION AS HABITUAL OFFENDER REVERSED; SENTENCE VACATED; REMANDED.
LEMMON, J., dissents.
BLANCHE, J., concurs and will assign reasons.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).