LFOGG, J.
On February 13, 1997, the defendant, Joseph Brooks, was charged by indictment with the second degree murder of Michael Rowe in violation of LSA-R.S. 14:30.1. He entered a plea of not guilty. The defendant was tried by jury and convicted of the responsive offense of manslaughter in violation of LSA-R.S. 14:31 on October 31, 1997. Thereafter, on February 6, 1998, the defendant was sentenced to twenty-five years at hard labor. The defendant appealed his conviction and sentence. In a decision rendered April 15, 1999, this court reversed the conviction and sentence and remanded the matter to the trial court for further proceedings. State v. Brooks, 98-1151 (La.App. 1 Cir. 4/15/99), 734 So.2d 1232. The state applied for a writ of certiorari to the Louisiana Supreme Court, which was denied on November 12, 1999. State v. Brooks, 99-1462 (La.11/12/99), 749 So.2d 651.
On January 5, 2001, the defendant filed a pro se motion to quash his indictment on grounds that the time limitation for commencing a new trial had expired. Following a hearing, the trial court denied the motion to quash.
*327 Thereafter, pursuant to a plea agreement, the defendant withdrew his former plea of not guilty and pled guilty to the charge of manslaughter, reserving his right to appellate review of the denial of the motion to quash. See State v. Crosby, 338 So.2d 584 (La.1976). The trial court, after conducting a Boykin examination, accepted the defendant’s guilty plea and sentenced him to ten years at hard labor in accordance with the plea agreement. The defendant appeals, urging solely that the trial court erred in denying his motion to quash based upon untimely prosecution.
Louisiana Code of Criminal Procedure article 578(2) provides that no felony trial, other than for a capital offense, may be commenced after two years from the date of institution of the prosecution. When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by IsArticle 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial. LSA-C.Cr.P. art. 580. When a defendant obtains a new trial, the state must commence the second trial within one year from the date the new trial is granted, or within the period established by Article 578, whichever is longer. LSA-C.Cr.P. art. 582.
The progress of this case in the year prior to January 5, 2001, the date the defendant’s motion to quash was filed, is documented in the minute entries contained in the record. The minute entry from January 27, 2000, states that the “Court, ex proprio motu, ordered that the matter be continued until March 22, 2000.”
The minute entry from March 22, 2000 indicates that the matter came before the trial court for status conference on that date and was continued on joint motion of the state and the defense. The defendant asserts that the minute entry is incorrect, as he never acquiesced in any motion to continue or any other preliminary motion that would have retarded the progress of this matter. To determine if the minute entry accurately reflects the events of March 22, 2000, we will look to the transcript. It is well settled that when there is a discrepancy between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983).
The transcript of the March 22, 2000 proceeding reveals that Jesse Hearin appeared in court and enrolled as counsel on behalf of the defendant. Thereafter, the following conversation took place between Mr. Hearin, Ms. Cummings (the prosecutor), and the court:
Mr. Hearin: ... There has not been a formal bill of information but — and I guess we need a — a thirty-day — what do you want to do as far as him coming back?
Ms. Cummings: If we could just get a thirty-day date. We can get him arraigned when he comes back for status as well.
|4Clerk: What charge are y’all arraigning? There’s no bill in this — I mean, there’s a file.
Ms. Cummings: Right. He’s going to be re-billed with manslaughter. This is the case that was appealed and then came back. So if we could just reassign this for about thirty days.
Clerk: You just want a status?
Ms. Cummings: Just put it for status.
At the status conference of March 22, 2000, defense counsel’s sole statement was, “There has not been a formal bill of information but — and I guess we need a — a thirty-day — what do you want to do as far as him coming back?” By this comment, defense counsel merely observed that the court could not proceed because no bill of information had been filed. Such does not *328 constitute a motion for continuance. Rather, the transcript reflects that the assistant district attorney requested a “thirty-day date” and asked the court “if we could just reassign this for about thirty days[?]” The defendant’s failure to object to the state’s motion does not constitute his join-der in the state’s motion.
The minute entries from May 1, 2000 and June 21, 2000, state that the court ordered a continuance ex proprio motu. The minute entry of July 27, 2000, states the matter “was passed without date.”
Therefore, for one year prior to the filing of the defendant’s motion to quash on January 5, 2001, no interruption or suspension of the time period for institution of prosecution occurred, and the trial court erred in denying the defendant’s motion to quash.
For the foregoing reasons, the judgment of the trial court is reversed. The defendant’s motion to quash is granted, and the bill of information is hereby dismissed.
JUDGMENT REVERSED; MOTION TO QUASH GRANTED.
WHIPPLE, J., dissents for reasons assigned.