| WHIPPLE, J.,
dissenting.
Following the Supreme Court’s denial of review herein, this case was returned to the trial court. Thereafter, the case was set for status conference. As the majority correctly notes, this matter came before the court on several dates and was continued each time for varying reasons. Defendant contends that he was present in court on each date that the matter was set for status conference and claims that none of the motions for continuance were made by him or on his behalf. However, the record in this case reveals otherwise. In particular, the minute entry of March 22, 2000, indicates that the matter came before the trial court for status conference on this date and was continued on joint motion of the State and the defense. Defendant argues that the minute entry is incorrect as he never acquiesced in any motion to continue or any other preliminary motion that would have retarded the progress of this matter. To determine if the minute entry accurately reflects the events of March 22, 2000, we must look to the transcript, as any discrepancy between the transcript and the minute entry is resolved by reliance upon the transcript, which prevails in the event of a discrepancy. State v. Lynch, 441 So.2d 732, 734 (La.1983).
A review of the transcript of the March 22, 2000, proceeding reveals that Jesse Hearin appeared in court, enrolled as counsel on behalf of defendant, and engaged in a colloquy with the Court and the State.
Clearly, defendant’s counsel initially requested and, at the very least, acquiesced in the continuance of this matter for thirty days. The State joined lain this request. Thus, in my view, despite defendant’s contention to the contrary, the minute entry accurately reflects that defendant joined the State in moving for continuance of the status conference on March 22, 2000.
This court has held previously that a motion for continuance of a .trial status conference is a preliminary plea that suspends the running of the time limitations for commencing trial. State v. Marshall, 99-2884, p. 2 (La.App. 1st Cir. 11/8/00), 808 So.2d 376, 378. Moreover, pursuant to LSA-C.Cr.P. art. 580, “[wjhen a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.” The motion to continue at issue herein was made and ruled *329 upon in open court on March 22, 2000. Thereafter, the State had a minimum period of one year following the trial court’s ruling on the motion, or until March 22, 2001, to commence trial. Defendant entered his plea of guilty to manslaughter on February 2, 2001. Thus, I find that the trial court properly denied defendant’s motion to quash filed on January 5, 2001.
For these reasons, I respectfully dissent.