MURPHY, J.
11 Defendant, Christopher Barr, appeals his convictions for possession of heroin, between 28-200 grams, and possession of Tramadol without a prescription. Defendant also appeals his sentence of 20 years as a second felony offender and his concurrent five year sentence for possession of Tramadol. For the reasons that follow, we affirm both convictions and sentences, remand for the correction of the commitment and uniform commitment order, and we grant appellate counsel’s motion to withdraw as attorney of record.
STATEMENT OF THE CASE
On February 9, 2015, the Jefferson Parish District Attorney’s office (“the State”) filed a bill of information charging defendant with one count of possession of heroin, between 28-200 grams, in violation of La. R.S. 40:966.D. In count two of the bill of information, defendant was charged with one count of possession of Tramadol without a prescription, a violation of La. R.S. 40:1238.1.[1] On February 20, 2015, defendant pled not guilty at arraignment. On January 27, 2016, defendant withdrew his not guilty plea, pled guilty as charged to both counts, and was sentenced to 20 years at hard labor on count one, and five years at hard labor on count two, with both sentences to run concurrently. Also, on that same date, the State filed a multiple *403 bill of information that alleged defendant was a second felony offender, to which defendant stipulated. Pursuant to a plea agreement, the trial court vacated the previously imposed sentence for count one, and resentenced defendant as a multiple offender to 20 years at hard labor without benefit of probation or suspension of sentence, with each of defendant’s sentences to run concurrently.[2] On August 31, 2016, defendant filed a Uniform Application For bPosb-Conviction Relief seeking an out of time appeal, which the trial court granted on September 6, 2016. The instant appeal follows.
FACTS
Because the instant convictions were a result of guilty pleas, the underlying facts were not fully developed at trial. The bill of information in this case alleged that on January 15, 2015, defendant knowing or intentionally possessed heroin, between 28-200 grams, and also knowingly or intelligently possessed Tramadol without a prescription. In addition, an “Arrest Report and Probable Cause Affidavit” in the record indicates that the offenses took place in Jefferson Parish.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[3] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[4] The request must be accompanied by “‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that ^counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (internal citation omitted).
In State v. Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered *404 whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 95-929, at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal points) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
ANALYSIS
Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel indicates that defendant pled guilty pursuant to a counseled plea agreement, and that the trial |4court’s colloquy was thorough and complete. Appellate counsel has filed a motion to withdraw as attorney of record and has mailed defendant a copy of her brief.[5]
The State asserts that the record shows that prior to defendant’s guilty plea, the district court fully explained to him the rights he was waiving, and defendant affirmed his understanding. The State agrees with counsel that defendant made a knowing and voluntary act of pleading guilty. Further, defendant was informed of his right to appeal. The State concludes, therefore, that defendant’s convictions and sentences should be affirmed and that appellate counsel should be allowed to withdraw.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The record shows that defendant was present at the original sentencing and his re-sentencing as a multiple offender, and was represented by counsel. Prior to sentencing and re-sentencing as a multiple offender, the trial court entered into a colloquy with defendant wherein the court advised defendant of his Boykin[6] rights and asked defendant if he understood that he was waiving those rights by pleading guilty. Defendant was advised of the sentences he would receive if he pled guilty. Defendant’s sentences were in the statutory range for violations of La. R.S. 40:966.D and La. R.S. 40:1238.1, and as a second felony offender under La, R.S. 15:529.1. The record shows that defendant’s plea bargain resulted in an agreement from the State to file a multiple offender bill of information alleging defendant to be a second felony offender instead of a fourth felony offender. Furthermore, La. C.Cr.P, art. 881.2(A)(2) provides that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the 1 srecord at the time of the plea. Defendant was also properly advised of the time limitations for filing post-conviction relief.
*405 Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we affirm defendant’s sentences and convictions and grant appellate counsel’s motion to withdraw as attorney of record.
ERRORS PATENT DISCUSSION
Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr,P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990) regardless of whether defendant makes such a request. Our review reveals errors patent in this case which require correction.
First, we note that the commitment in this case fails to indicate that defendant’s sentence for count two is to be served at hard labor, which is inconsistent with the trial court’s order during sentencing. Next, while the trial court ordered that defendant be given credit for time served “pursuant to Article 880 of the Code of Criminal Procedure,” the commitment more specifically provides that defendant was “given credit for time served from date of initial arrest until today for each day defendant actually served.” Further, the transcript and the uniform commitment order reflect that the trial judge recommended defendant for any self-help programs. However, the commitment fails to reflect this recommendation. When there is a discrepancy between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983).
LWe also note that the transcript, the commitment, and the uniform commitment order appear inconsistent regarding the concurrent nature of defendant’s original sentences. The commitment provides that “the above sentence is to run concurrently with 14-4182 and 15-766 and with any time already serving.” The uniform commitment order also includes as a sentence condition: “Concurrent with 14-4182 and 15-766 and with any time already serving.” The transcript, however, provides that defendant’s sentences in the instant matter were to run “concurrently with each other and concurrently with [his] sentences in Matter Number 14-4182.” Again, when there is a discrepancy between the transcript and the minute entry, the transcript prevails. Lynch, supra.
Accordingly, to ensure accuracy in the record, we remand the case for correction of the commitment and the uniform commitment order and direct the Clerk of Court to transmit the corrected commitments to the officer in charge of the institution to which defendant has been sentenced as well as to the legal department of the Louisiana Department of Public Safety and Corrections. State v. Long, 12-184 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136.
DECREE
Accordingly, for the reasons provided herein, defendant’s convictions and sentences are affirmed, the matter is remanded for corrections to the commitment ancl uniform commitment order, and appellate counsel’s motion to withdraw as attorney of record is hereby granted.
CONVICTIONS AND SENTENCES AFFIRMED; REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED

. At the time of his guilty pleas and sentencing in the instant case, defendant had other pending charges against him in case numbers 14-4182, 15-760, and 15-766. While appointed counsel references the sentences for these other charges in her brief, we note that relator’s APCR only sought an out of time appeal in case 15-497. Accordingly, we will only address issues related to case 15-497.

. The minute entry from January 27, 2016, indicates that defendant's multiple offender sentence was ordered to “run concurrently with anytime [sic] already serving and with 14-4182 and 15-760.”

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per cu-riam).

.The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until January 22, 2017, to file a pro se supplemental brief. Defendant did not file a pro se brief.

. Boykin v. Alabama, 393 U.S. 820, 89 S.Ct. 200, 21 L.Ed.2d 93 (1968).