STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 KA 0028

STATE OF LOUISIANA

VERSUS

CLAUDE WAYNE BENNETT

Decision Rendered: __JUL 2 4 2020__

* * * * * * *

APPEALED FROM THE
22ND JUDICIAL DISTRICT COURT
ST. TAMMANY PARISH, LOUISIANA
DOCKET NUMBER 560638, DIVISION J

HONORABLE WILLIAM J. KNIGHT, JUDGE

* * * * * * *

Gwendolyn K. Brown                           Attorney for Defendant/Appellant
Louisiana Appellate Project                  Claude Wayne Bennett
Baton Rouge, Louisiana


Warren L. Montgomery                         Attorneys for Appellee
District Attorney                            State of Louisiana
and
J. Bryant Clark Jr.
Assistant District Attorney
Covington, Louisiana


**BEFORE: McDONALD, THERIOT, and CHUTZ, JJ.**

**McDONALD, J.**

The State charged the defendant, Claude Wayne Bennett, with molestation of a juvenile (when the victim is under thirteen years old) (Count I), and molestation of a juvenile (when the offender has control or supervision over the juvenile) (Count II), violations of La. R.S. 14:81.2. He pled not guilty on both counts. Following a trial, a jury found him guilty as charged on both counts. On Count I, the trial court sentenced him to 25 years imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence.[1] On Count II, the trial court sentenced him to five years imprisonment at hard labor. The defendant now appeals, raising two assignments of error. For the following reasons, we vacate the convictions and sentences and remand to the district court.

### CONSTITUTIONALITY OF NON-UNANIMOUS VERDICT

In assignment of error number two, the defendant argues the non-unanimous verdicts to convict him violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution.

Before trial, the defendant filed a written motion to declare Louisiana Code of Criminal Procedure article 782 (prior to its amendment in 2018) unconstitutional, arguing:[2]

> The non-unanimous jury verdict under the old law and as applied to [the defendant's] case should be declared unconstitutional under both the United States Constitution and the Louisiana Constitution as a violation of equal protection, due process, and the right to a fair trial. Furthermore[,] the [statute] as enacted is discriminatory in intent and effect and should be found unconstitutional.

After the jury retired for deliberations, the trial court denied the motion. Later, after the jury returned its verdict, the trial court ordered that the jurors be polled and the polling results were sealed. *See* La. C.Cr.P. art. 812. The jury voted 11-to-1 to convict on Count I, and 10-to-2 to convict on Count II.

---

[1] The minutes reflect that, on Count I, the trial court sentenced defendant to 25 years imprisonment at hard labor. The transcript, however, reflects that the trial court sentenced defendant to 25 years imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence. When there is a discrepancy between the minutes and the transcript, the transcript prevails. *State v. Lynch,* 441 So.2d 732, 734 (La. 1983).

[2] The defendant also challenged the non-unanimous verdicts in a motion for new trial, which the trial court denied.

2

In the recent decision of *Ramos v. Louisiana*, __ U.S. __, 140 S.Ct. 1390, 1397, ___ L.Ed.2d __ (2020), the United States Supreme Court overruled *Apodaca v. Oregon*, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the right to a jury trial under the United States Constitution Sixth Amendment, incorporated against the States by way of the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense. The *Ramos* Court further indicated that its ruling may require retrial of those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. *Ramos,* 140 S.Ct. at 1406. *See also Schriro v. Summerlin,* 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004) (observing that when a decision of the United States Supreme Court results in a new rule, that rule applies to all criminal cases still pending on direct review); *State v. Myles,* 19-0965 (La. App. 4 Cir. 4/29/20), 2020 WL 2069885. Accordingly, assignment of error number two has merit.

## CONCLUSION

For the above reasons, we vacate defendant's convictions and sentences on Counts I and II and remand this case to the trial court. We pretermit consideration of assignment of error number one.

**CONVICTIONS AND SENTENCES VACATED; REMANDED.**

3