STATE OF LOUISIANA

VERSUS

DANIEL TENNER AKA "DANNY" AKA "LIL DANNY"

NO. 24-KA-51

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 22-2183, DIVISION "H"
HONORABLE DONALD L. FORET, JUDGE PRESIDING

October 16, 2024

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Scott U. Schlegel

**AFFIRMED; REMANDED WITH INSTRUCTIONS;**
**MOTION TO WITHDRAW GRANTED**
    **SUS**
    **JGG**
    **MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Juliet L. Clark

COUNSEL FOR DEFENDANT/APPELLANT,
DANIEL TENNER AKA "DANNY" AKA "LIL DANNY"
    Bertha M. Hillman

**SCHLEGEL, J.**

Defendant, Daniel Tenner a/k/a "Danny" a/k/a "Lil Danny," appeals his convictions and sentences for first-degree murder, armed robbery, and obstruction of justice. Defendant's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and a motion to withdraw alleging that there are no non-frivolous issues to raise on appeal. After a thorough review of the record, we agree with counsel's assessment of the case, affirm defendant's convictions and sentences, remand on errors patent review with instructions, and grant appellate counsel's motion to withdraw as counsel of record for defendant.

## PROCEDURAL HISTORY

On September 8, 2022, a grand jury indicted defendant for first-degree murder in violation of La. R.S. 14:30(C)(2) (count one), armed robbery in violation of La. R.S. 14:64 (count two), and obstruction of justice in violation of La. R.S. 14:130.1 (count three). Defendant pled not guilty at arraignment. On April 21, 2023, the trial court denied defendant's motions to suppress evidence, identification, and statements.

A jury trial commenced on August 14, 2023, and the following day on August 15, 2023, a unanimous 12-person jury found defendant guilty as charged on all three counts. The trial court sentenced defendant on September 15, 2023 to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence as to count one (first-degree murder); ninety-nine years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence as to count two (armed robbery); and forty years imprisonment at hard labor as to count three (obstruction of justice). The judge ordered the sentences to be served consecutively.

On October 14, 2023, defendant timely filed a motion for appeal, which the judge granted on October 16, 2023. His appointed appellate counsel filed a brief in conformity with the procedure outlined in *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, asserting that she thoroughly reviewed the district court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to *Anders*, *supra*, *and State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241, appointed appellate counsel requests permission to withdraw as counsel of record for defendant.

### FACTS

On April 8, 2022, the victim, Morgan Tyrone, searched Facebook Marketplace to purchase a phone. She messaged a female who had posted a phone for sale.[1] They agreed to a purchase price of $300.00 and planned to meet in Terrytown, Louisiana. On April 10, 2022, Ms. Tyrone drove from Pascagoula, Mississippi to Friedrichs Street in Terrytown with her girlfriend, Tiara Overstreet, and Ms. Overstreet's one-year old child. They arrived at the address in question around 10:00 p.m., but no one was at the agreed location. Ms. Tyrone then received a message from Ms. Weston that she was down the street with friends. Ms. Tyrone drove further down the street, but they still did not see anyone. After driving further down the street, a man wearing a black hoodie and black pants approached their vehicle. Ms. Overstreet recalled seeing two "short dreads" with pink beads sticking out of the hoodie.

Shortly after they arrived, Ms. Tyrone and the man began arguing over whether she would hand over the money first or whether he would give her the phone first. Ms. Overstreet testified that Ms. Tyrone became frustrated and realized that the sale was not going to occur. After Ms. Tyrone turned her head to

---

[1] Detective Anthony Buttone with the Jefferson Parish Sheriff's Office testified that the Facebook account Ms. Tyrone messaged belonged to Kenya Weston.

put the money back in the center console, defendant demanded that she give him the money and put a gun to the back of Ms. Tyrone's head. Ms. Tyrone refused to turn over the money and defendant shot her. Defendant next pointed the gun at Ms. Overstreet and instructed her to gather the money. After she complied, defendant reached through the car window, grabbed the money, and fled. Ms. Overstreet called 9-1-1 and told the dispatcher that her girlfriend was shot in the head. When she could not provide an address, Ms. Overstreet stopped an approaching vehicle and the man in the vehicle provided the dispatcher with the address where they were located.

Deputy Tiffany Reine with the Jefferson Parish Sheriff's Office (JPSO) arrived at the scene and spoke with Ms. Overstreet. During their conversation, Ms. Overstreet described the shooter as a black male, 24 to 25 years old, and slender. She stated that the shooter was wearing a hoodie, but that she saw his face and saw dreads sticking out of the hoodie with pink beads.

Jasma Sawyer testified that defendant was at her apartment in Terrytown on the day of the shooting, and that her apartment was less than a block from the crime scene. She recalled that defendant "always had twists" in his hair and thought there were beads on the twists. Ms. Sawyer stated that when defendant was at her apartment on the day of the murder, he mentioned he was meeting a gay woman from Mississippi to either buy or sell a game. She also recalled that prior to April 10, 2022, she saw defendant with two firearms. Ms. Sawyer explained that Kenya Weston was her friend, and that Ms. Weston previously allowed defendant to use her Facebook account to sell phones.

Through search warrants, cell phone records, social media accounts, and a crime stoppers tip, officers developed defendant as a suspect. Defendant was arrested in Mississippi and transported to the investigations bureau on May 17, 2022. Detective Harold Wischan (JPSO) testified that he advised defendant of his

*Miranda*[2] rights. Defendant provided a recorded statement and initially claimed that he had not been in Louisiana for two years, did not know Ms. Weston, and was in Texas on the day of the shooting. However, defendant eventually admitted that he was the individual who shot Ms. Tyrone. He claimed that he had agreed to sell the phone for $450, but the driver only brought $300. He claimed that during their dispute over the money, he pulled out his gun and shot the driver, because she reached back and he thought she was pulling "something out." Defendant further admitted that he sold the gun used in the shooting because it made him think about the incident.

Detective Steven Mehrtens with the JPSO testified that after they identified defendant as a suspect, Ms. Overstreet came to the investigations bureau and they presented her with a photographic lineup. Ms. Overstreet identified defendant's photograph as the shooter and she identified defendant at the trial.

Dr. Dana Troxclair with the Jefferson Parish Coroner's Office was accepted as an expert in forensic pathology. She conducted an autopsy of Ms. Tyrone and determined that the cause of death was a gunshot wound to the neck and classified the manner of death as a homicide. Dr. Troxclair described the wound as a tight contact gunshot wound and that the muzzle of the gun was pressed against the skin.

## ANDERS BRIEF

In *Anders*, *supra*, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds the case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by "'a brief referring to anything in the record that might arguably support the appeal'" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

"in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

In *Jyles*, 704 So.2d at 241, the Louisiana Supreme Court stated that an *Anders* brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.*

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. *Bradford*, 676 So.2d at 1110. That review should include an examination of (1) the bill of information to insure the defendant was properly charged; (2) all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct, and the sentence is legal; (3) all pleadings that are in the record; and (4) all transcripts to determine if any ruling provides an arguable basis for appeal. *Id.* at 1110-11.

If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. *Id.* at 1111.

## DISCUSSION

Defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel states that the indictment shows that defendant was properly charged and that the minute entries reflect that defendant appeared at all crucial stages of the proceedings against him. Counsel explains that the trial was properly conducted, that the verdicts rendered by the twelve-person jury were unanimous and in proper form, and that the trial court imposed legal sentences within the statutory ranges after the proper delays.

Appellate counsel filed a motion to withdraw as attorney of record that states she has notified defendant of the filing of this motion and his right to file a *pro se* brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an *Anders* brief had been filed and that he had until May 10, 2024 to file a *pro se* supplemental brief. Defendant has not filed a brief as of the date of this opinion.

An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. The bill of indictment properly charged defendant and plainly and concisely stated the essential facts constituting the charged offenses. It also sufficiently identified defendant and the crimes charged. *See generally* La. C.Cr.P. arts. 464 and 466. The record reflects that defendant appeared at each stage of the proceedings against him, including his arraignment, motion hearing, trial, and sentencing. We further find that the jury was properly comprised of twelve members, that the offenses were properly joined, and that the jury reached unanimous verdicts on each of the three counts. *See* La. C.Cr.P. arts. 782, 819.

Defense counsel filed omnibus motions, including motions to suppress the evidence, identification, and statement that were denied after a hearing. We find that the testimony adduced at the motion to suppress hearing and at trial established that defendant was advised of his *Miranda* rights, understood his rights, and voluntarily waived them prior to making the statement. Defendant was not under duress and gave the statement freely and voluntarily. As to defendant's motion to suppress evidence, the record establishes that the evidence was seized pursuant to search warrants. Finally, the record shows that the process involving Ms. Overstreet's identification of defendant by photographic lineup was not suggestive and there was not a substantial likelihood of misidentification. In our review of all transcripts in the record, including those from the motion hearings and trial, we find no ruling which would support an arguable basis for appeal.

Our review of the record for sufficiency of evidence pursuant to *State v. Raymo*, 419 So.2d 858, 861 (La. 1982), establishes that the evidence presented was sufficient under the *Jackson*[3] standard to establish the essential statutory elements of first-degree murder, armed robbery, and obstruction of justice. Additionally, the sentences imposed are within the sentencing ranges prescribed by the statutes. *See* La. R.S. 14:30; La. R.S. 14:64; La. R.S. 14:130.1. And considering the facts and circumstances in this matter, the sentences imposed are not unconstitutionally excessive. As such, defendant's sentences do not provide a basis for appeal in this matter.

Our review indicates that appellate counsel's brief demonstrates by full discussion and analysis that she has complied with the requirements of *Anders*,

---

[3] *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979): "The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

*supra*.  Accordingly, appellate counsel's motion to withdraw as attorney of record is granted.

**ERRORS PATENT REVIEW**

The record was also reviewed for errors patent according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990).  The following matters require corrective action.

A discrepancy exists between the sentencing transcript, sentencing minute entry, and the uniform commitment order (UCO).  After sentencing defendant to life imprisonment on count one, the judge imposed a sentence on count two and said "that sentence is to run consecutive to the life imprisonment."  He next imposed a sentence on count three.  The judge then summarized, "So, it's a sentence on count one, life imprisonment without the benefit of probation, parole, or suspension of sentence.  Count two, 99 years without the benefit of parole, probation, or suspension of sentence, consecutive.  And count three, 40 years imprisonment, consecutive."

The sentencing minute entry initially states, "Life in prison at HARD LABOR on count 1 consecutively. 99 years at HARD LABOR on count 2 consecutively. 40 years at HARD LABOR on count 3 consecutively."  Further along in that minute entry, it provides, "The Court ordered that the above sentence as to count 2 is to run consecutively with Count 1 and Count 3."  The UCO states, "Count 2 is consecutive with Count 1 and Count 3."

The transcript reflects that the judge ordered that the sentence for count one be served first, followed by the sentence on count two, and then count three is to be served last.  The minute entry and UCO suggest otherwise.  Generally, the transcript prevails where there is an inconsistency between the minute entry and the transcript.  *See State v. Lynch*, 441 So.2d 732, 734 (La. 1983).  As such, we remand this matter to the trial court for correction of the minute entry and UCO.

We also order the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected UCO to the officer in charge of the institution to which defendant has been sentenced as well as the Department of Corrections' legal department. *See State v. Tate*, 22-570 (La. App. 5 Cir. 6/21/23), 368 So.3d 236, 249-50.

Additionally, the trial court did not advise defendant of the prescriptive period to seek post-conviction relief pursuant to La. C.Cr.P. art. 930.8. It is well-settled that if a trial court fails to advise, or provides an incomplete advisal, pursuant to La. C.Cr.P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief by means of its opinion. *Tate*, 368 So.3d at 250. Accordingly, we advise defendant that no application for post-conviction relief, including applications that seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922.

### DECREE

Accordingly, for the reasons provided herein, defendant's convictions and sentences are affirmed and appellate counsel's motion to withdraw as attorney of record is hereby granted.

**AFFIRMED; REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 16, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-KA-51

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD L. FORET (DISTRICT JUDGE)
JULIET L. CLARK (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          BERTHA M. HILLMAN (APPELLANT)

**MAILED**
DANIEL TENNER #782290 (APPELLANT)     HONORABLE PAUL D. CONNICK, JR.
LOUISIANA STATE PENITENTIARY          (APPELLEE)
ANGOLA, LA 70712                      DISTRICT ATTORNEY
                                      TWENTY-FOURTH JUDICIAL DISTRICT
                                      200 DERBIGNY STREET
                                      GRETNA, LA 70053