Judgment rendered December 17, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,619-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JARODERICK HARPER                           Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 388,840

Honorable Christopher T. Victory, Judge

* * * * *

LOUISIANA APPELLATE PROJECT                 Counsel for Appellant
By: Edward K. Bauman

JARODERICK HARPER                           Pro Se

JAMES E. STEWART, SR.                       Counsel for Appellee
District Attorney

TOMMY J. JOHNSON
COURTNEY RAY
Assistant District Attorneys

* * * * *

Before PITMAN, ROBINSON, and MARCOTTE, JJ.

**MARCOTTE, J.**

This criminal appeal arises from the First Judicial District Court, Caddo Parish, the Honorable Chris Victory presiding. Defendant Jaroderick Harper ("Harper") was convicted of one count of molestation of a juvenile under the age of 13, in violation of La. R.S. 14:81.2(A)(1) and (D)(1), and sentenced to 60 years at hard labor with at least 25 years to be served without benefits. Harper appealed his conviction and sentence; this court affirmed his conviction but vacated his sentence and remanded the case for resentencing. *State v. Harper*, 56,060 (La. App. 2 Cir. 12/18/24), 402 So. 3d 1247. Harper was resentenced to 60 years' hard labor with the first 25 years to be served without benefits. Harper now appeals his sentence. For the following reasons, defendant's sentence is affirmed. The case is remanded with instructions to correct a minute entry.

**FACTS AND PROCEDURAL HISTORY**

The following facts are drawn, in part, from Harper's prior appeal. On May 19, 2022, the state filed a bill of information charging Harper with molestation of a juvenile under the age of 13, in violation of La. R.S. 14:81.2(A)(1) and (D)(1). The offense occurred on January 16, 2022. Harper pled not guilty.

A jury trial was held where the victim's mother, Charlotte Singleton ("Charlotte"), testified that she was away from home on the night of January 16, 2022. She left her minor child, Z.S., in Harper's care. While Charlotte was away, Z.S. texted her mother saying she needed to tell her something. At home, Z.S. disclosed to Charlotte that Harper touched her. Charlotte confronted Harper, who said that Z.S. was lying. Z.S. gave an interview at the Gingerbread House, in which she described how Harper showed her a

2

pornographic video, placed her on a bed, put her legs over his shoulders, and attempted to kiss her on her face, cheeks, and private area. Z.S. said that she kicked him to make him stop. At the time, Harper was 30 years old, and Z.S. was 10 years old.

Harper denied ever having touched Z.S. inappropriately and testified that Charlotte arranged for Z.S. to claim he molested her because he caught Charlotte having sex with another man.

The jury returned a unanimous guilty verdict. On November 29, 2023, Harper was sentenced. The court asked about mitigating factors; Harper's counsel responded that there were none. Harper declined to speak before sentencing. The trial court considered the factors found in La. C. Cr. P. art. 894.1, finding that Harper needed correctional treatment in a custodial environment and that a lesser sentence would deprecate the seriousness of his offense. The court said that he committed the offense upon a child that he supervised and who referred to him as "dad." The court listed the following aggravating factors: 1) Harper knew the victim was particularly vulnerable due to her age; and 2) he used his position as Z.S.'s supervisor to facilitate his offense. The court noted that Harper had a 2012 conviction for illegal possession of stolen things, a 2014 conviction for felony theft, a 2018 conviction for simple burglary, a 2022 conviction for resisting an officer, and multiple felony arrests.

The court then sentenced Harper to 60 years' hard labor with at least 25 years to be served without benefits. The court informed him that he had to register as a sex offender for life. Harper refused to sign his sex offender registration; his counsel signed it instead. The court also informed Harper of his appellate and post-conviction relief time constraints.

Harper filed a motion to reconsider sentence arguing that his sentence was excessive. He said that the trial court improperly labeled at least two factors as aggravating, the age of the victim and his position of authority over the victim, which were the elements of the offense and not factors that made his offense worse than that of any other defendant with the same conviction. He also argued that the trial court improperly used his criminal history because the weight of his conviction for molestation of a juvenile was greater than that of any other offense, so his unrelated criminal history should not have significantly enhanced his sentence. The trial court denied his motion to reconsider sentence.

Harper appealed arguing that his sentence was excessive. This court found that his sentence was indeterminate and affirmed his conviction but vacated his sentence and remanded his case for resentencing.

On March 6, 2025, the trial court held a resentencing hearing. The trial court said it was going to maintain the original sentence of 60 years at hard labor and added that the first 25 years were to be served without benefits. Harper asked if he might speak; the court denied his request and referred him to his counsel. Defense counsel said that defendant would respond in writing, if necessary. The court did not inform Harper of his appellate and post-conviction relief time constraints. Defendant filed a motion to reconsider sentence incorporating the argument from his prior motion to reconsider, asserting that his sentence was harsh and excessive. The trial court denied his motion. Harper now appeals.

## DISCUSSION

Harper's sole assignment of error is that his 60-year sentence at hard labor with the first 25 years to be served without benefits is constitutionally

excessive. He argues that the trial court did not consider the factors found in La. C. Cr. P. art. 894.1, requiring the court to consider the factual basis for the sentence. Harper contends that no mitigating circumstances were mentioned at his sentencing and that defense counsel provided none when the court inquired about them. He asserts that the trial court did not reflect on the fact that he had no prior convictions for violent or sexually related offenses. Harper points out that Charlotte and Z.S. testified that he had not engaged in similar behavior prior to his January 16, 2022, offense.

Harper states that the trial court did not order a presentence investigation report ("PSI"), which would have assisted the trial court in determining whether his sentence was constitutionally excessive. Harper contends that the trial court did not contemplate his background, personal life, education, employment, family, or other relevant facts in arriving at his sentence. He says that at his resentencing hearing, the court would not let him address the court, but said that he should speak with his attorney, who replied that defendant would respond to the court in writing. Harper provides the following language from *State v. Wilson*, 53,913, p. 8 (La. App. 2 Cir. 5/26/21), 317 So. 3d 923, 930:

> The defendant must be given an opportunity to rebut or explain misinformation upon which the trial court relies or to which it is exposed in its sentencing decision. The jurisprudence also holds that the accused must likewise be given an opportunity to make a showing, by argument of counsel or otherwise, of mitigating factors under La. C. Cr. P. art. 894.1(B), which the trial court may have overlooked. The opportunity to do so is waived if not asserted before sentence is passed. Moreover, error in denying the defendant this opportunity is harmless if there is no proof that the sentencing information was materially and prejudicially false.
>
> The court does not have the affirmative duty to ask whether the defendant has anything to say at a sentencing hearing. (internal citations omitted.)

4

Harper argues that in his case, any deficiencies in his trial counsel's performance should not have prevented him from presenting any mitigating circumstances that might have led to a reduction of the maximum number of years he must serve without benefits. Given that there was no PSI to provide his background, he claims that the court should have listened to what he had to say to see if that influenced the court's sentencing decision. He asks that this court vacate his sentence and remand his case for resentencing.

An appellate court uses a two-pronged test to determine whether a sentence is excessive. *State v. Jones*, 54,264 (La. App. 2 Cir. 3/9/22), 335 So. 3d 532, *writ denied*, 22-00656 (La. 6/22/22), 339 So. 3d 642. First, the record must show the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. *Id*. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Jones, supra*.

Articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with the article. *State v. Lanclos*, 419 So. 2d 475 (La. 1982). The elements which the court should consider include the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, the seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones, supra*.

The trial court has wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of this discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Jones*, *supra*. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Williams, supra*; *State v. Jones*, *supra*.

Second, this court must determine whether the sentence is constitutionally excessive and in violation of La. Const., art. I, § 20. A sentence can be constitutionally excessive, even when it falls within statutory guidelines, if: 1) the punishment is so grossly disproportionate to the severity of the crime that, when viewed considering the harm done to society, it shocks the sense of justice; or 2) it serves no purpose other than to needlessly inflict pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993).

Whoever commits the crime of molestation of a juvenile when the victim is under the age of 13 years shall be imprisoned at hard labor for not less than 25 years nor more than 99 years. At least 25 years of the sentence imposed shall be served without benefit of probation, parole, or suspension of sentence. La. R.S. 14:81.2(D)(1).

In the present case, the trial court sentenced defendant to serve 60 years at hard labor with 25 years to be served without benefits and ordered him to register as a sex offender. While resentencing defendant, the trial court did not mention the factors found in La. C. Cr. P. art. 894.1; however, at his original sentencing hearing, the trial court considered the factors found in that article. So, while the court did not comply with sentencing

6

requirements during Harper's resentencing hearing, the record clearly shows an adequate factual basis for the sentence imposed, and we find that remand is unnecessary.

The trial court previously stated that Harper's original sentence was based upon the young age of the minor victim, defendant's supervisory relationship with the victim, and his criminal history. That statement reflects the trial court's consideration of the Article 894.1 factors concerning defendant's knowledge of the child's particular vulnerability due to her age and the significant harm inflicted on her. Further, the trial court found that Harper needed correctional treatment in a custodial environment and that a lesser sentence would deprecate the seriousness of his crime. This record reflects the trial court adequately considered the guidelines of Article 894.1. The trial court sentenced Harper to the same sentence he had before, but the court corrected the period for the restriction of benefits to make it determinate and in compliance with the law.

Harper's criminal record demonstrates he has at least one prior felony conviction, which could have increased his sentencing exposure if the state had filed a multiple offender bill of information. In addition, defendant benefited from the trial court's decision to impose only the mandatory minimum requirement that 25 years of his sentence be served without parole, probation, or suspension of sentence.

Harper complains that the trial court erred by not allowing him to speak at his resentencing hearing. We disagree. According to the case Harper cited, *State v. Wilson*, *supra*, the court does not have the affirmative duty to ask whether the defendant has anything to say at a sentencing hearing, and the opportunity to do so is waived if not asserted before

7

sentence is passed. Also, any error in denying the defendant the opportunity to speak is harmless if there is no proof that the sentencing information was materially and prejudicially false. *Id*. The trial court referred Harper to his defense counsel, who said that defendant would respond in writing. Harper filed a motion to reconsider, in which he could have included any mitigating factors. We observe that at Harper's original sentencing hearing, when the trial court asked about mitigating factors, his counsel stated that there were none. Any complaints Harper has about deficient representation are best addressed in an application for post-conviction relief.

We find that the sentence imposed is commensurate with the egregious nature of defendant's crime of sexually abusing a 10-year-old child entrusted to his care. Based upon this record, we cannot say the trial court abused its discretion in imposing Harper's sentence, which appropriately reflects the severity of his crime. Thus, his assignment of error lacks merit, and we affirm his sentence.

*Error Patent Review*

We reviewed the record for errors patent, and two were found. First, the trial court failed to properly advise Harper of his post-conviction relief time limits as found in La. C. Cr. P. art. 930.8(A). We now advise defendant by this opinion that no application for post-conviction relief shall be considered if it is filed more than two years after his conviction and sentence become final.

Second, the court minutes for Harper's resentencing incorrectly state that the trial court advised him of his "right to post-conviction relief proceedings," which the transcript does not reflect. When there is a discrepancy between the minutes and the transcript, the transcript prevails.

8

*State v. Lynch*, 441 So. 2d 732 (La. 1983). We remand this matter to the trial court with instructions to amend the minutes to correct the entry.

## CONCLUSION

For the foregoing reasons, Jaroderick Harper's sentence is affirmed. We remand this matter to the trial court with instructions to amend the minutes to correct the entry which states that the trial court advised defendant of his "right to post-conviction relief proceedings."

**AFFIRMED; REMANDED WITH INSTRUCTIONS.**